In the Matter of an Application to EN-
FORCE ADMINISTRATIVE SUBPOE-
NAS OF the SECURITIES AND EX-
CHANGE COMMISSION, Applicant,

v.

COOPERS & LYBRAND and Patrick
Haley, Respondents.

No. 82–700–Civ–JLK.

United States District Court,
S.D. Florida,
Miami Division.

May 26, 1982.

Charles C. Harper, Miami, Fla., for appli-
cant S.E.C.

Gerald B. Cope, Jr., Arky, Freed, Stearns,
Watson & Greer, P.A., Miami, Fla., for re-
spondents Coopers & Lybrand and Patrick
Haley.

Michael Nachwalter, Kenny, Nachwalter
& Seymour, P.A., Miami, Fla., for interve-
nor Nationwide Power Corp.

Lawrence Schechterman, Pompano
Beach, Fla., for intervenor A.T. Bliss & Co.,
Inc.

ORDER DENYING MOTIONS FOR
INTERVENTION

JAMES LAWRENCE KING, District
Judge.

This matter is before the Court on motion
by Nationwide Power Corp. and A.T. Bliss
& Co., Inc., to intervene in the subpoena
enforcement proceeding brought by the

SEC. The matter of intervention has been extensively briefed by the parties. Being fully advised, the Court hereby:

ORDERS and ADJUDGES as follows:

The motions to intervene must be denied. Federal Rules of Civil Procedure 24(a) provides for intervention of right

when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

The United States Supreme Court has held that intervention under Rule 24 in Internal Revenue Service proceedings is not mandatory, but involves a balancing of opposing equities. *Donaldson v. United States,* 400 U.S. 517, 530, 91 S.Ct. 534, 542, 27 L.Ed.2d 580 (1971).

■ Intervention under Rule 24 in an administrative subpoena proceeding requires the following. The parties seeking intervention must have (1) an interest relating to the property or transaction which is the subject of the action, *Donaldson,* 400 U.S. at 531, 91 S.Ct. at 542; (2) the interest must relate to the subject of the action, *United States v. American Tel. & Tel. Co.,* 642 F.2d 1285, 1291 (D.C.Cir.1980); (3) the interest must not be "adequately represented by existing parties," *id.,* at 1293.

■ The proposed intervention sought here must be denied because it fails to meet the first aspect of the test. Under *Donaldson,* the interest asserted by the parties seeking intervention must be a "significantly protectable interest." 400 U.S. at 531, 91 S.Ct. at 542. The existence of such an interest depends on the source of the asserted right to intervene. Taking as true the well-pleaded allegations of the motions to intervene, the interest asserted by Bliss and Nationwide is based upon the Florida statutory accountant-client privilege, Fla.Stat. § 473.316. The Court holds that there is no confidential accountant-client privilege under federal law, and that in a fundamental-

ly federal proceeding such as this, the court may not recognize a state-created privilege. *Couch v. United States,* 409 U.S. 322, 335, 93 S.Ct. 611, 619, 34 L.Ed.2d 548 (1973); *Sutton v. United States,* 658 F.2d 782, 784 (10th Cir.1981) ("it is well settled that there is no confidential accountant-client privilege under federal law").

The intervenors argue that, under Federal Evidence Rule 501, the court should recognize the state-created privilege. Rule 501 provides "in civil actions and proceedings with respect to an element of a claim or defense as to which state law supplies the rule of decision, the privilege of a ... person ... shall be determined in accordance with state law." Nationwide argues that, as the SEC investigation is not against it, the absence of a federal claim against it triggers a balancing of the competing interests of the state and federal policies regarding privilege. This is not, however, a case in which the state law supplies the rule of decision, as is necessary to trigger Fed. Evid.R. 501; it is fundamentally a federal matter involving the enforcement of an investigatory subpoena relating to alleged securities laws violations. The Florida accountant-client privilege does not apply, so Nationwide does not have a "significantly protectable interest" in the subject of the action so as to justify its intervention.

The intervenor Bliss asserts, in addition to the accountant-client privilege, that production of the documents pursuant to the subpoena are attorney work products and subject to the attorney-client privilege. These claims present more difficult questions. Bliss's motions to intervene and to quash suggest, on their face, that the entire subpoena in issue seeks to discover one internal communication between Bliss's counsel and the Coopers & Lybrand accounting firm which contains the attorney's mental impressions, opinions, and other work product as well as confidential communications between the attorney and his client. The motion to intervene and to quash states that Bliss's counsel, upon learning that his client was being investigated and that certain accounting procedures were in question, consulted the respondent accounting

**416**

firm, and that such consultation resulted in an "internal communication [which] sets forth, among other things, the discussions with Bliss's defense counsel, wherein counsel's mental impressions, conclusions, opinions, and/or legal theories are presented." The memorandum in support of the motion to intervene asserts that, under the subpoena duces tecum the documents requested by the SEC subpoena include this "internal memorandum", the discovery of which would violate Fed.R.Civ.P. 26(b)(3).

■■■ This Court holds that Rule 26(b)(3) does not preclude the discovery of the materials sought here and that as such, Bliss does not have an interest in the subject of the action so as to be permitted intervention under Rule 24(a). [By turning] The disclosure of the asserted confidential communications to Coopers & Lybrand was a "voluntary disclosure by the holder . . . and thus waive[d] the privilege." *United States v. American Tel. & Tel. Co.,* 642 F.2d 1285, 1299 (5th Cir.1980). Neither does the work product doctrine apply to this memorandum, since it was not, taking the bare allegations of the intervenor's memorandum, "in contemplation of litigation." Bliss asserts that counsel's mental impressions, etc. were communicated to Coopers in connection with the SEC investigation. That allegation fails to satisfy Bliss's "burden of establishing that litigation was fairly foreseeable at the time the memorand[um was] prepared, and thus is not entitled to invoke the exemption." *Coastal States Gas Corp. v. Department of Energy,* 617 F.2d 854, 865 (D.C.Cir.1980).

The Court therefore holds that neither Nationwide or Bliss have asserted a "significantly protectable interest" in the subject of subpoena so as to be permitted intervention under Fed.R.Civ.P. 24(a). In light of that ruling, the Court need not address the motions to quash, etc. propounded by the would-be intervenors. It is thereupon

ORDERED and ADJUDGED that the motions of A.T. Bliss & Co., Inc., and Nationwide Power Corp., to intervene in this subpoena enforcement proceeding be, and the same are hereby, denied.