Dante R. **MORRISON, et al., Plaintiffs,**

v.

**SYNTEX LABORATORIES, INC., Defendant.**

Civ. A. No. 82–2100.

United States District Court, District of Columbia.

May 8, 1984.

Herbert L. Fenster, David Bookspan, Larry R. Pilot, McKenna, Conner & Cuneo, Washington, D.C., for plaintiffs.

John P. Arness, George H. Mernick, III, Hogan & Hartson, Washington, D.C., for defendant.

MEMORANDUM OPINION
AND ORDER

ARTHUR L. BURNETT, United States Magistrate.

Plaintiffs seek to amend the complaint in this case to assert a RICO cause of action under 18 U.S.C. § 1964(c) by motion filed

March 27, 1984. Plaintiffs initially filed a complaint in this products liability case alleging negligence, breach of warranty and strict liability on July 27, 1982. Now they assert that as a result of recent depositions in February and March, 1984 they have become aware of certain facts which show that certain officials and employees of the defendant engaged in and implemented a scheme of fraudulent advertising of the infant formula, Neo-Mull-Soy, the product at issue in this case, through the use of the U.S. Mails. These facts, they claim, support an additional cause of action under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–1968. Defendant strongly opposes the amendment of the complaint asserting that the amendment could have been offered much earlier in the case and thus is now untimely, would require additional discovery and delay the trial now scheduled for August 13, 1984, and is unwarranted, as such proposed cause of action on the facts of this case would fail to state a claim upon which relief can be granted.

The Magistrate heard extensive oral argument from counsel on May 3, 1984, has carefully reviewed each of the several memoranda filed, and has reviewed the court file in this case. The Magistrate has fully considered the intent and scope of the civil provision of the RICO statute, 18 U.S.C. § 1964(c), and whether it would be an exercise in "futility" to allow the amendment, only for the Court to be faced with a motion to dismiss which should be granted.

The Magistrate concludes that the motion to amend should be denied for two separate and distinct reasons. First, this case has now been pending for almost two years and it appears entirely plausible that upon the receipt of answers to interrogatories and requests for production of documents and records, the plaintiffs had sufficient information to have sought this amendment at least a year ago. Thus, it fully appears that plaintiffs had knowledge of sufficient facts underlying their allegations in the proposed RICO cause of action

long ago and delayed unnecessarily in raising them. The plaintiffs could have reasonably surmised, even as early as the time they filed their complaint, that Syntex made some use of the mails to advertise a nationally distributed product, Neo-Mull-Soy, and they certainly should have known this fact after receipt of the initial wave of discovery in this case. Coming this late in the case, the motion to amend thus should be rejected. Cf. *Darms v. McCulloch Oil Corp.*, 720 F.2d 490, 494 (8th Cir.1983); *Johnsen v. Rogers*, 551 F.Supp. 281 (C.D. Calif.1982).

Trial is now set for August 13, 1984, just over three months away, and it can fairly be anticipated that adding this cause of action now would justly warrant further additional discovery by the defendant to meet this cause of action, thus warranting continuing the trial to a much later date. No responsible counsel facing a potential of treble damages for his client would proceed to trial within a period of little over three months without extensive additional discovery to be prepared to counter the evidence anticipated to be offered by the plaintiff.

Second, the RICO civil cause of action under 18 U.S.C. § 1964(c) permits the treble damage remedy to a person injured "in his business or property by reason of a violation of section 1962." The limitation of injury to being injured in one's business or property cautions extending this provision to personal injury arising out of a tort in a products liability case. Had Congress intended to create a federal treble damage remedy for cases involving bodily injury, injury to reputation, mental or emotional anguish, or the like, all of which will cause some financial loss, it could have enacted a statute referring to injury generally, without any restrictive language. If RICO applied in this case, it would most likely apply in every products liability case involving alleged false representations, and use of the mails or the channels of interstate commerce.

Indeed, there is a further question of whether a misrepresentation adequate to

establish liability for common law fraud is sufficient to establish the requisite degree of guilty knowledge and fraudulent intent required in a mail fraud case as a predicate for civil liability under § 1964(c), but we need not resolve that issue in acting on this motion to amend the complaint. Of interest in this connection is *Guerrero v. Katzen*, 571 F.Supp. 714 (D.D.C.1983), in which the court clearly indicated that a plaintiff's claim that he was injured by reason of fraud in which the mails happened to be used, by itself, does not suffice to allege that an injury occurred "by reason of" a RICO violation.

This Magistrate agrees with the court in *In Re Action Industries Tender Offer*, 572 F.Supp. 846, 850 (E.D.Va.1983), that Congress did not intend for RICO to be used by private plaintiffs to claim treble damages for ordinary and routine tort causes of action. The court there observed that the legislative history and language of RICO indicate a similarity between RICO and the federal antitrust laws, see Nathan, *Civil RICO*, 30 Prac.Law 57, 68 (1984), and noted that a number of courts have carried the antitrust line of reasoning further and have determined that Section 1964's requirement of an injury to business or property refers to a "commercial" injury in the RICO context. 572 F.Supp. at 851. While the emphasis in many cases has been on commercial or business injury, one may argue that the statute uses the disjunctive in referring to "business or property." The Court in *Van Schaick v. Church of Scientology, Inc., et al.*, 535 F.Supp. 1125 (D.Mass.1982), responded to this observation thusly:

"Yet we believe that phrase must be read with the statute's primary purpose—to protect legitimate businesses from infiltration by racketeers—in mind. Thus, in construing 'property' courts should be sensitive to the statute's commercial orientation and to Congress' obvious intention to restrict the plaintiff class. We do not believe Congress intended § 1964(c) to afford a remedy to every consumer who could trace purchase of a product to a violation of § 1962." 535 F.Supp. at 1137.

The Court there concluded:

"Absent a clear statement that Congress intended such a result, we believe courts should confine § 1964(c) to business loss from racketeering injuries." 535 F.Supp. at 1137.

█ Subsequent to the argument, counsel for the plaintiff brought to the Magistrate's attention the unpublished Order by Judge Robert P. Aguilar of the Northern District of California in *Joseph Sinai v. ARCO Medical Products Company, et al.*, C.A. No. C–82–4593RPA, filed September 13, 1983. The Magistrate has carefully reviewed and fully considered the views expressed by the court in *Sinai*, but does not agree that the court's concept of "economic loss" there comes within the purview of 18 U.S.C. § 1964(c). Nor is the Magistrate satisfied, that on the record in this case, the plaintiffs have alleged criminal acts by officers and employees of Syntex Laboratories, clearly cognizable under 18 U.S.C. § 1962 as is required by 18 U.S.C. § 1964(c). Thus, this absence of clear factual allegations in this case distinguishes it from *Sinai*, where the court concluded, there being a reference to improper inducements as to the use of kickbacks, bribery and benefits to physicians in the sale of cardiac pulse generators (pacemakers), that the plaintiff had alleged criminal acts clearly cognizable under section 1962. Finally, the Magistrate rejects the "liberal pleading philosophy" adopted by the court in *Sinai* in favor of the view that the courts should not extend civil causes of action based on essentially a federal criminal statute unless it is clear that Congress intended to create such a civil cause of action applicable to the factual situation presented. While Rule 15(a) of the Federal Rules of Civil Procedure mandates that leave to amend a complaint shall be freely given when justice so requires, such a liberal pleading philosophy extended to products liability cases involving personal injuries could tremendously broaden federal jurisdiction to include many routine tort cases involving a RICO

cause of action and several pendent common law causes of action which otherwise should be in State courts, thus greatly increasing the civil caseload of the Federal district courts. Absent a clear and explicit statement of legislative intent by the Congress that it intended to so broaden federal jurisdiction, courts should proceed cautiously in adopting a broad interpretation of a statute which could result in greatly expanding federal jurisdiction and increasing the number of civil cases filed in the district courts. The Magistrate has further noted that the court in *Sinai* on December 21, 1983 again denied a renewed motion to dismiss the RICO civil cause of action and certified this, and other related issues, to the Ninth Circuit Court of Appeals under 28 U.S.C. § 1292(b), recognizing that there was no clear precedent in the Ninth Circuit for such a RICO civil cause of action in the factual situation presented by the *Sinai* case. Noting the paucity of Ninth Circuit authority in this area, and indeed citing no judicial precedent by any other federal court in either of its Orders, the court concluded that its decision denying the defendants' motion to dismiss the RICO count involved a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from its Order may materially advance the ultimate termination of the litigation. Notwithstanding the views expressed by the court in *Sinai*, the Magistrate remains of the view expressed herein that the motion to amend the complaint in this case to add a RICO cause of action should be denied.

Furthermore, it is most significant to observe that since the civil RICO provision "business or property" language, as noted above, was intentionally adopted from section 4 of the Clayton Act, 15 U.S.C. § 15 (1982), the Supreme Court's observation in *Reiter v. Sonotone Corp.*, 442 U.S. 330, 339, 99 S.Ct. 2326, 2331, 60 L.Ed.2d 931 (1979):

> "The phrase 'business or property' also retains restrictive significance. It would, for example, exclude personal injuries suffered. * * * Congress must have intended to exclude some class of injuries by the phrase 'business or property.'"

While some courts have observed that this antitrust gloss should not apply to restrict the scope of the RICO civil cause of action, as the purposes of the two statutes differ, this Magistrate is of the view that Congress, rather than the courts, should clearly make this distinction, if such a distinction is to be made, and that Congress should clarify its intent whether the terms 'business or property' should be given a greater breadth in the RICO civil cause of action context than in the antitrust context.

Thus, injury in one's property under the RICO provision would not include damages for the money lost as a result of the costs of medical attention and treatment incurred from the injuries allegedly sustained by Dante R. Morrison from his consumption of alleged chloride deficient Neo-Mull-Soy milk formula and the expenses to be incurred in the future for the continued medical attention and treatment required to deal with the effects of his injuries. Nor would it include a diminished earning capacity based on mental retardation or other effects asserted to have resulted from his ingestion of Neo-Mull-Soy. The Magistrate fully concurs in this approach and concludes it would be an unwarranted extension of the civil RICO provision to allow it to be asserted as a basis for a RICO cause of action in a case such as this involving traditional product liability causes of action of negligence, breach of warranty, and strict liability. This Magistrate concludes that plaintiffs' claim in the instant case, which is confined to Dante Morrison's alleged bodily injury and the financial losses to him and his parents resulting from it, is not cognizable under RICO, and it would be a futility to allow the complaint to be amended to assert such a cause of action. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *Neighborhood Development Corp. v. Advisory Council*, 632 F.2d 21, 23 (6th Cir.1980); *Inner City Broadcasting Corp. v. Cardenas*, 554 F.Supp. 42, 47 (D.D.C.1982).

For the foregoing reasons and based on the judicial precedent set forth above, the motion to amend is hereby DENIED.

IT IS SO ORDERED.