Norwood G. MOORE and Julia S. Moore, Plaintiffs,

v.

ELI LILLY AND COMPANY, Defendant.

Civ. A. No. 84–609–W.

United States District Court, D. Massachusetts.

Jan. 23, 1986.

Leo D. Allen, New Bedford, Mass., for plaintiffs.

Martha Coakley, Goodwin, Procter & Hoar, Boston, Mass., Alan F. Herman, Freeman & Hawkins, Atlantic, Ga., for defendant.

## MEMORANDUM AND ORDER

WOLF, District Judge.

Plaintiffs Norwood Moore and Julia Moore, husband and wife, initiated this products liability action to recover for personal injuries allegedly caused by the ingestion by Mr. Moore of the pharmaceutical drug Oraflex, manufactured by defendant Eli Lilly and Company ("Lilly"). Plaintiffs now request leave to amend the complaint to add new counts alleging defendant's conduct violated the Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. § 1961 *et seq.*, and alleging defendant committed common law battery. Defendant opposes this motion on the grounds that neither additional count states a claim upon which relief may be granted and, therefore, allowing leave to amend would be futile. For the reasons stated below, the motion for leave to file the Amended Complaint is hereby denied.

Plaintiffs' original complaint contains two counts. Count I alleges personal injury to Norwood Moore, based upon theories of negligence, breach of warranty, and strict liability in the manufacture of Oraflex, an anti-inflammatory drug, which Mr. Moore was prescribed and ingested in July and August of 1982. Count II alleges injury to Mr. Moore's spouse, Julia Moore, for loss of consortium and medical expenses.

Plaintiffs state that information recently obtained indicates that they have additional causes of action. Specifically, plaintiffs contend that they have learned that defendant fraudulently misrepresented facts related to the defective nature of the drug Oraflex in violation of several United States criminal statutes. Thus, plaintiffs request leave to amend their complaint to assert an additional claim under the civil RICO statute, 18 U.S.C. § 1964(c), (proposed Count III). They also seek to assert claims of common law battery (proposed Counts IV and V), based upon what they contend to be recently obtained evidence concerning Lilly's intent with regard to certain previously alleged facts.

Motions for leave to file an amended complaint under Rule 15(a) of the Federal Rules of Civil Procedure are liberally granted. However, when it would be futile to allow a complaint to be amended because the new assertions would fail to withstand a motion to dismiss, leave to amend should be denied. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *Bricker v. Crane,* 468 F.2d 1228, 1233 (1st Cir.1972), *cert. denied,* 410 U.S. 930, 93 S.Ct. 1368, 35 L.Ed.2d 592 (1973); *Massarsky v. General Motors Corp.,* 706 F.2d 111 (3d Cir.), *cert. denied,* 464 U.S.. 937, 104 S.Ct. 348, 78 L.Ed.2d 314 (1983); *Pan-Islamic Trade Corp. v. Exxon Corp.,* 632 F.2d 539 (5th Cir.1980), *rehearing denied,* 642 F.2d 1210, *cert. denied,* 454 U.S. 927, 102 S.Ct. 427, 70 L.Ed.2d 236 (1981). This motion to amend is denied because it is evident that even if proven, the facts plaintiffs seek to allege would not, as matters of law, establish the causes of action in question. *See Conley v. Gibson,* 355 U.S. 41, 45–6, 78 S.Ct. 99, 101, 2 L.Ed.2d 80 (1957);

*Harper v. Cserr,* 544 F.2d 1121, 1122 (1st Cir.1976).

*The RICO Count*

■ The section of the RICO statute establishing a civil cause of action provides:

Any person injured in his *business or property* by reason of a violation of Section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee.

18 U.S.C. § 1964(c) (emphasis added).

Recognizing that the statute establishes rights and remedies only for persons injured in their "business or property," plaintiffs claim that the alleged diminution of Mr. Moore's estate and the loss of consortium allegedly suffered by Mrs. Moore are injuries to "property." This contention, however, is incorrect. Plaintiffs' allegations constitute conventional claims for personal injuries. As described below, injury to persons are generally deemed distinct from injury to property by federal law and by Massachusetts law. Absent a clear statement to the contrary by Congress, it would be inappropriate to infer either that it intended to include personal injury as well as property injury within the ambit of the RICO statute or that it understood property injury to include injury to persons. There is no such indication in the RICO statute. *Morrison v. Syntex Laboratories, Inc.,* 101 F.R.D. 743 (D.D.C.1984); *Van Schaick v. Church of Scientology of California, Inc.,* 535 F.Supp. 1125, 1137 (D.Mass.1982); *Callan v. State Chemical Manufacturing Co.,* 584 F.Supp. 619, 623 (E.D.Pa.1984).

If Congress had intended that the rights and remedies established by RICO be available in every personal injury action involving financial loss, it could easily have enacted a statute referring to "injury" generally or have referred expressly to injury to "persons" in addition to injury to "business or property." As the Supreme Court stated in interpreting the identical "business or

property" language in the Clayton Act, "Congress must have intended to exclude some class of injuries by the phrase 'business or property.'" *Reiter v. Sonotone Corp.*, 442 U.S. 330, 339, 99 S.Ct. 2326, 2331, 60 L.Ed.2d 931 (1979). As the Supreme Court also said with regard to the Clayton Act, in language equally applicable here, "the phrase 'business or property' ... retains restrictive significance. It would, for example, exclude personal injuries suffered. *E.g., Hamman v. United States,* 267 F.Supp. 420, 432 (Mont.1967)." *Id.*

Contrary to plaintiffs' contention, the conclusion that injury to "business or property" does not include injury to "persons" is not qualified by the Supreme Court's decision in *Sedima S.P.R.L. v. Imrex Co., Inc.,* —— U.S. ——, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985). *Sedima* held that no distinct "rackeetering injury" is necessary to maintain a RICO action if a pattern of rackeetering activity has injured a plaintiff in his business or property. *Id.* 105 S.Ct. at 3285. In *Sedima* the majority recognized and reiterated that a "plaintiff has standing if, and can only recover to the extent that, he has been injured in his business or property...." *Id.* The majority did not discuss the meaning of "business or property." The four dissenting Justices stated, however, that, "the statute permits recovery only for injury to business or property. It therefore excludes recovery for personal injuries." *Sedima,* 105 S.Ct. 3292, 3297 (1985) (Marshall, J., dissenting). Thus, at a minimum, *Sedima* does not indicate that the statute applies in cases, such as this, involving only personal injury.

This conclusion is reinforced by the relevant decisions of the courts of the Commonwealth of Massachusetts. The Massachusetts Supreme Judicial Court, interpret-

ing the state's consumer protection law which creates a cause of action for loss of "money or property," has found that "'property' means the kind of property that is purchased or leased ..." *Baldassari v. Public Finance Trust,* 369 Mass. 33, 45, 337 N.E.2d 701 (1975).[1] Neither plaintiff seeks to allege any loss of property as defined in *Baldassari.*

With regard to Mrs. Moore's claim specifically, Massachusetts allows a wife a claim for consortium shown to arise from personal injury to her husband caused by negligence of a third person because of its analogy to emotional distress, among other forms of personal injury. *Diaz v. Eli Lilly & Co.,* 364 Mass. 153, 167, 302 N.E.2d 555 (1973). Emotional distress has been deemed a form of "personal" rather than "property" injury in the context of RICO. *Van Schaick,* 535 F.Supp. at 1137; *Callan,* 584 F.Supp. at 623. This conclusion is equally appropriate with regard to loss of consortium.

For the foregoing reasons, plaintiffs' proposed Count III fails to state a RICO claim on which relief could be granted. The requested amendment would be an exercise in futility. It is, therefore, denied.

*The Battery Counts*

Plaintiffs also seek to amend the complaint to add proposed Count IV, alleging a battery causing direct injury to Mr. Moore, and proposed Count V, alleging that battery caused a loss of consortium and medical expenses to be suffered by Mrs. Moore. In pertinent part, proposed Counts IV and V allege that:

> On or about June 1982 and thereafter, the defendant caused a battery to be

---

1. In *Baldassari,* the Massachusetts Supreme Judicial Court said plaintiffs claimed,

   > they were deprived of the benefit of contractual and statutory rights to protection against harrassing collection practices and that those rights are property. They also assert that their loss of time amounts to a loss of money. We think, however, that in § 9(1) "money" means money not time, and that "property" means the kind of property that is purchased

   or leased, not such intangibles as a right to a sense of security, or to peace of mind, or to personal liberty. A different question would be presented if it were alleged that plaintiffs paid debts they did not owe, lost wages or other income, or suffered expense.

   369 Mass. at 45, 337 N.E.2d 701. The court understands the last sentence quoted to qualify the definition of money, not the definition of property.

committed upon the plaintiff through the administration of the drug Oraflex.

Amended Complaint, Count IV at ¶ 5, and Count V at ¶ 2.

Battery is an intentional offensive touching of a person done without consent. *Belger v. Arnot*, 344 Mass. 679, 684, 183 N.E.2d 866 (1962); *In the Matter of Spring*, 380 Mass. 629, 638, 405 N.E.2d 115 (1980). In the medical context, a cause of action for battery may be maintained where there is a lack of consent by the patient to the treatment. *Id.; see e.g., Lojuk v. Quandt*, 706 F.2d 1456, 1460 (7th Cir.1983); *Mink v. University of Chicago*, 460 F.Supp. 713, 717 (N.D.Ill.1978). However, matters involving lack of consent are distinguishable from cases in which patients claim that they were not informed about a medication's inherent dangers. If the patient was admittedly aware that he was being given some form of a drug, then he must rely on a negligence action alleging a lack of informed consent. *Mink*, 460 F.Supp. at 717.

As stated in *Mink:*

> While early cases treated lack of informed consent as vitiating the consent to treatment so there was liability for battery, the modern view 'is that the action ... is in reality one for negligence in failing to conform to the proper standard....' W. Prosser, *Law of Torts*, § 32, at 165 [4th ed. 1971]).

460 F.Supp. at 716. In accordance with this "modern view," Massachusetts allows plaintiffs to maintain cases in which there was an alleged lack of informed consent as negligence actions. *Halley v. Birbiglia*, 390 Mass. 540, 458 N.E.2d 710 (1983); *Harnish v. Children's Hospital Medical Center*, 387 Mass. 152, 439 N.E.2d 240 (1982).

In this case, plaintiff's amended complaint fails to allege facts which, if proven, would establish a lack of consent, rather than a lack of informed consent. In order to state a cause of action for battery, plaintiffs must allege intentional acts by the defendant resulting in an offensive touching *and* the lack of consent to defendant's conduct. *Mink*, 460 F.Supp. at 718. The proposed amended complaint, however, merely asserts in conclusory fashion that the defendant caused a battery to be committed on Mr. Moore. Plaintiffs do not allege that Mr. Moore did not consent to take Oraflex. This is an essential element of a battery claim, for even under liberal "notice pleading," it is not enough merely to state a legal conclusion unsupported by factual allegations in the complaint. *See O'Brien v. DiGrazia*, 544 F.2d 543, 546 n. 2 (1st Cir.1976), *cert. denied, O'Brien v. Jordan*, 431 U.S. 914, 97 S.Ct. 2173, 53 L.Ed.2d 223 (1977).

The battery claims alleged in Count IV and Count V of the proposed amended complaint, therefore, fail to state claims for which relief may be granted. This aspect of the requested amendment would also be an exercise in futility. Thus, it is also denied.

For the reasons stated above, the motion to amend is hereby DENIED.