**Spiro J. KOUVAKAS and Judith A. Kouvakas, Plaintiffs,**

v.

**INLAND STEEL COMPANY, Donald Kovan and Birchel Brown, Defendants.**

Civ. No. 85-462.

United States District Court,
N.D. Indiana,
Hammond Division.

Oct. 22, 1986.

---

Norman R. Buls, Portage, Ind., for plaintiffs.

Greg R. Lyman, Highland, Ind., for defendants.

## ORDER

MOODY, District Judge.

This matter comes before the court on a Motion for Summary Judgment which the

defendants filed on June 27, 1986. The plaintiffs filed a brief in opposition on September 8, 1986 to which the defendant replied on September 29, 1986. For reasons discussed below, the defendants' Motion to Strike the affidavit of Spiro J. Kouvakas is DENIED and the defendants' Motion for Summary Judgment is GRANTED.

## I.

The plaintiffs filed their complaint in this action on May 16, 1985, alleging a private civil action for treble damages under the Racketeering Influenced and Corrupt Organization (RICO) Act, 18 U.S.C. § 1961, *et seq.* (Count I) and a tort claim under Indiana law for intentional infliction of mental distress (Count II). The complaint alleges that the defendants engaged in a pattern of racketeering activity in 1982 and 1983 by causing fraudulent invoices and other documents to be mailed to Inland Steel Company's customers. According to the complaint, the invoices and other documents contained false assurances that Inland Steel employees had inspected the customers goods and that the goods conformed with the customers' orders.

Plaintiff Spiro J. Kouvakas formerly worked at Inland Steel; he alleges that the defendants Donald Kovan and Birchel Brown harassed and abused him when he refused to participate in the fraudulent schemes at Inland Steel. Kouvakas claims that this abuse and harassment caused him to become physically disabled and to suffer injury to his business and property as a consequence. Count I of the complaint contains a request for treble damages pursuant to the RICO statute, 18 U.S.C. § 1964(c). In Count II, the plaintiffs allege that Inland Steel is vicariously liable for the intentional infliction of emotional distress caused by its employees, Donald Kovan and Birchel Brown.

## II. Civil RICO Claim

The Racketeering Influenced and Corrupt Organizations Act, (RICO), 18 U.S.C. § 1961 *et seq.*, provides a civil remedy of treble damages to "[a]ny person in-

jured in his business or property by reason of a violation of" 18 U.S.C. § 1962. 18 U.S.C. § 1964(c). Section 1962 prohibits, *inter alia*, persons associated with an enterprise involved in interstate commerce from conducting the affairs of the enterprise through a "pattern of racketeering activity." To allege a violation of § 1962, the plaintiff must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *Sedima, S.P.R.L. v. Imrex Company, Inc.,* 473 U.S. 479, 105 S.Ct. 3275, 87 L.Ed.2d 346, 358–59 (1985).

It is undisputed that Donald Kovan, Birchel Brown and Inland Steel were employed by or associated with a steel shipping enterprise affecting interstate commerce and that they participated in the conduct of the enterprise's affairs. The parties dispute whether the defendants conducted the enterprise affairs through a pattern of racketeering activity and whether the plaintiff has suffered any injury to business or property by reason of the defendants' conduct.

To prove a "pattern of racketeering activity" as alleged in the complaint in the case at bar, the plaintiffs must demonstrate that the defendants committed at least two acts indictable as mail fraud under 18 U.S.C. § 1341. Recognizing that the civil RICO provisions establish rights and remedies only for persons injured in their "business or property," the plaintiffs assert that the defendants caused injury to their business and property by causing Spiro Kouvakas to become physically and mentally unable to hold employment.

Unless a plaintiff has suffered a business or property injury, he has no standing to bring a private civil RICO action. *Sedima, S.P.R.L. v. Imrex Co.,* 473 U.S. 479, 105 S.Ct. 3275, 3285, 87 L.Ed.2d 346 (1985); *Illinois Dept. of Revenue v. Phillips,* 771 F.2d 312, 314 (7th Cir.1985). The plain language of the RICO statute, however, dictates that the injury requirement be construed broadly. *Haroco v. American National Bank & Trust Co. of Chicago,* 747 F.2d 384, 387 (7th Cir.1984). The "business or property" phrase under

RICO is not limited to commercial interests and competitive injuries. *Schacht v. Brown*, 711 F.2d 1343, 1357–1358 (7th Cir. 1983). A proprietary type of damage is required, however. *See Bankers Trust Company v. Rhoades*, 741 F.2d 511, 515 (2d Cir.1984).

The plaintiffs allege that defendants Kovan and Brown harassed and abused plaintiff Spiro Kouvakas because he refused to participate in their scheme to defraud Inland Steel's customers. Complaint, parag. 17. Kouvakas alleges that the defendants' harassment caused Spiro Kouvakas to "endure[ ] great mental suffering and incur[ ] a physical impairment that culminated in his complete physical disability" and rendered him permanently unable to perform any gainful employment. Complaint, parag. 18. The complaint alleges that plaintiff Judith A. Kouvakas has been deprived of the earning and support of her husband and has suffered the loss of consortium of her husband because of the defendants' acts. Complaint, parag. 19. These allegations are conventional claims for personal injury for which the civil RICO statute provides no remedy.

Kouvakas' damages from loss of employment derive from the personal injury he suffered by reason of the defendants' alleged abuse and harassment. This "abuse and harassment" does not constitute "racketeering activity" under 18 U.S.C. § 1961(1). No reasonable inference from the facts presented would support the conclusion that the alleged "abuse and harassment" would be chargeable under the state or federal statutes the violations of which were proscribed as "racketeering activity" in § 1961(1).

Moreover, Kouvakas' loss of employment derives exclusively from his personal injuries. The civil RICO statute excludes recovery for personal injury. *See Sedima*, 105 S.Ct. at 3292, 3297 (1985) (Marshall, J., dissenting). The damages arising from emotional distress are a form of "personal" rather than property injury in the context of RICO. *Callan v. State Chemical Manufacturing Co.*, 584 F.Supp.

619, 623 (E.D.Pa.1984); *Van Schaick v. Church of Scientology of California, Inc.*, 535 F.Supp. 1125, 1137 (D.Mass.1982).

The RICO statute also carries a causation requirement. To recover, the plaintiff's business or property injury must occur "by reason of" the pattern of racketeering. 18 U.S.C. § 1964(c). In the case at bar, the alleged predicate acts include the defendants' falsification of inspection documents in violation of 18 U.S.C. § 1341. The plaintiffs have not shown that they were injured "by reason of" these acts. Moreover, the personal injuries that resulted in Spiro Kouvakas' loss of employment are not compensable under the RICO statute. The plaintiffs have not shown any business or property damages that "flow from the commission of the predicate acts." *Sedima*, 105 S.Ct. at 3284. They have merely alleged personal injuries that ultimately resulted in Spiro Kouvakas' loss of employment. *See Morast v. Lance*, 631 F.Supp. 474, 481 (N.D.Ga.1986); *Moore v. Eli Lilly and Co.*, 626 F.Supp. 365, 366–67 (D.Mass.1986). Therefore, the defendants are entitled to summary judgment on the civil RICO claim alleged in Count I.

### III. Intentional Infliction of Emotional Distress

In Count II of the complaint, the plaintiffs request damages under Indiana law for the defendants' intentional infliction of emotional distress. The defendants argue that the court lacks jurisdiction over the pendent state claim after all federal claims have been dismissed prior to trial. The defendants cite *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966) in support of this proposition. The plaintiffs assert that 28 U.S.C. § 1332 provides an independent basis for federal jurisdiction over the state law claim because the plaintiffs and the defendant named in Count II are of diverse citizenship.

The diversity statute provides a basis for jurisdiction in the federal court when all parties on one side of the controversy are citizens of different states from

all of the parties on the other side. 28 U.S.C. § 1332; *Indianapolis v. Chase National Bank,* 314 U.S. 63 (1941). If defendants Kovan and Brown are dismissed from this suit, diversity of citizenship would exist between the plaintiffs and the only remaining defendant, Inland Steel Company. However, the determination of diversity must be made as of the filing date of the complaint or amended complaint and cannot be changed by action of the parties thereafter. *Beghin-Say Intern, Inc. v. Ole-Bendt Rasmussen,* 733 F.d 1568 (Fed. Cir.1984); *Sadat v. Mertes,* 615 F.2d 1176, 1180 (7th Cir.1980). A plaintiff may only dismiss parties to perfect jurisdiction if the parties to be dismissed are not indispensable and would not be prejudiced by a dismissal. *See e.g., Local No. 1, Broadcast Employees v. International Brotherhood of Teamsters,* 543 F.Supp. 1321, 1328 (D.C. Pa.1982). At this late stage of the litigation, a voluntary dismissal of defendants Kovan and Brown would be highly prejudicial. The court has determined as a matter of law that the plaintiffs' claim against Kovan and Brown lack merit. Therefore, the plaintiffs will not be allowed to amend the complaint to omit Kovan and Brown as defendants. Because complete diversity of citizenship does not exist on the present complaint, the court cannot assume diversity jurisdiction over defendant Inland Steel under 28 U.S.C. § 1332.

■ Although dismissal of a pendent claim after the federal claims are dismissed is a matter left to the sound discretion of the court, the defendants are correct in their assertion that such pendent claims should usually be dismissed. *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). Considerations of judicial economy, convenience, and fairness to litigants require that the state law claim be dismissed.

Judith Kouvakas' claim for loss of consortium must likewise be dismissed because the claim is derivative of her husband's claims. Because the defendants are entitled to judgment as a matter of law on Spiro Kouvakas' claims, Judith Kouvakas' claims for loss of consortium are barred as a matter of law. *Bender v. Peay,* 433 N.E.2d 788, 790 (Ind.App.1982).

### CONCLUSION

Because the defendants are entitled to judgment as a matter of law on Count I of the complaint, summary judgment is hereby GRANTED in their favor on that count. Because Count II is a pendent state claim, it must be DISMISSED because the federal question claim has been dismissed prior to trial.