**Heidi HAPPEL and Kent Happel, her husband, Plaintiffs,**

v.

**WAL–MART STORES, INC., a Delaware corporation, d/b/a Wal– Mart Pharmacy, Defendant.**

No. 02 C 7771.

United States District Court, N.D. Illinois, Eastern Division.

May 6, 2004.

John W. Fisk, Kenneth Craig Chessick, Louis Scott Glaza, Stephanie Kim Nathanson, Patricia E. Raymond, Travis W. Life, Law Office of Kenneth C. Chessick, Schaumburg, IL, Lawrence A. Steingold, Attorney at Law, Arlington Heights, IL, for Plaintiffs.

James F. McCluskey, Mark W. Monroe, Steven Brian Ekker, Paul Timothy Grandchamp, George Michael Bebble, Momkus McCluskey McAndrew & Monroe, LLC, Downers Grove, IL, for Defendant.

## MEMORANDUM OPINION AND ORDER

MORAN, Senior District Judge.

Plaintiffs Heidi and Kent Happel brought this action against defendant Wall–Mart Stores, Inc. d/b/a Wal–Mart Pharmacy (Wal–Mart) alleging negligence, loss of society, willful and wanton misconduct and battery. On February 3, 2004,

this court entered an order denying defendant's motion to dismiss counts III and IV. Defendant now seeks to clarify that order by striking part of count III, and renews its motion to dismiss count IV. For the following reasons, defendant's motion to clarify is granted, its motion to strike is granted, and its motion to dismiss is denied.

Plaintiffs allege that defendant's employees filled a Toradol prescription for Heidi while knowing that she was allergic to non-steroidal anti-inflammatory drugs (NSAIDs). They claim that the employees intended to cause harm to Heidi and that, as a result of taking the drug, she suffered severe, long-term medical problems.[1]

Defendant's motions to clarify and strike concern plaintiff's desire to seek punitive damages. As the court has heretofore stated, the Illinois Civil Code of Civil Procedure and Healing Arts Malpractice Act (HAMA) protects certain defendants from punitive damages for malpractice. 735 ILCS 5/2–1115. A plaintiff may however seek punitive damages for an intentional tort by such a defendant. *Grant v. Petroff*, 291 Ill.App.3d 795, 226 Ill.Dec. 24, 684 N.E.2d 1020, 1027 (1997).

■ Plaintiffs originally attempted to state a claim for "intentional misconduct," which we determined was not a specific intentional tort under Illinois law. While dismissing that claim without prejudice on July 2, 2003, we recognized that HAMA and state court decisions strictly limit the situations in which a plaintiff may seek punitive damages for an intentional tort while simultaneously claiming malpractice. A plaintiff must allege an intentional tort other than malpractice. We stated in our February 3, 2004 order that the threshold for proving willful and wanton misconduct is somewhat lower than intentional harm. *See Burke v. 12 Rothschild's Liquor Mart, Inc.*, 148 Ill.2d 429, 170 Ill.Dec. 633, 593 N.E.2d 522, 531 (1992)(citing the Restatement (Second) of Torts § 500, Comment g, finding that the standard is essentially the same as recklessness—somewhere above negligence). To the extent that count III simply alleges reckless malpractice, HAMA prohibits the awarding of punitive damages, even for willful and wanton misconduct—a claim for which punitive damages are ordinarily awarded. *Id.* at 532. And they are awarded because willful and wanton conduct is qualitatively different from simple negligence. Willful and wanton conduct may justify punitive damages, but it is not, however, an independent tort, so far as we know.

■ Plaintiffs allege that defendant's conduct crossed a line, where it effectively ceased to be malpractice and was instead an intentional tort, at which point plaintiffs may seek punitive damages. *See Grant*, 226 Ill.Dec. 24, 684 N.E.2d at 1027. This is the point where plaintiffs' allegations cease to be of willful and wanton misconduct and become battery. Plaintiffs cannot therefore seek punitive damages for count III (though they may continue to pursue the claim as a species of malpractice), and the corresponding prayer for relief is stricken.

■ Defendant also renews its motion to dismiss count IV, arguing that the alleged facts do not support a battery claim.[2] To state such a claim, a plaintiff must allege that the defendant intended to cause a harmful contact, that harmful contact resulted and that the plaintiff did not con-

---

1. For all relevant facts see the February 3, 2004 order, *Happel v. Wal–Mart Stores, Inc.*, 2004 WL 755581 (N.D.Ill.).

2. In denying defendant's first motion to dismiss, the court noted that the parties did not brief the issue as to whether the alleged conduct sufficiently constituted a battery. They have now done so.

sent. *Cohen v. Smith,* 269 Ill.App.3d 1087, 207 Ill.Dec. 873, 648 N.E.2d 329, 332 (1995). The contact requirement may be met by showing that the defendant caused the plaintiff to come into contact with a foreign substance in a way that may reasonably be regarded as offensive. *Mink v. University of Chicago,* 460 F.Supp. 713, 718 (N.D.Ill.1978), *quoting* Restatement (Second) of Torts § 18, Comment c at 31.

In *Mink,* the plaintiffs were administered diethylstilbestrol (DES) as part of a study to determine DES' value in preventing miscarriages. 460 F.Supp. at 715. The plaintiffs did not know that they were being administered the drug and claimed that it resulted in increased risks of cancer to their children. *Id.* The court determined that, under Illinois law, there are two distinct theories for malpractice cases resulting from lack of consent to a procedure. *Id.* at 717. In the first type of case, a plaintiff may claim negligence if the defendant fails to disclose adequate information to allow the plaintiff to make a well-reasoned decision. *Id.* at 718. In the second type, a plaintiff may state a claim for battery if there is a complete absence of consent to the procedure. *Id.*

The court held that *Mink* was of the second variety. Even though the plaintiffs themselves ingested the pills, they did not know they were taking part in an experiment. *Id.* at 718. The fact that they consented to treatment for prenatal care did not give defendants the right to treat them in any manner. *Id.* Instead, that consent was limited to acts that were substantially similar to those to which there was actual consent. *Id.* Testing a new use for a drug went beyond those limits. *Id.*

In *Moore v. Eli Lilly and Co.,* 626 F.Supp. 365, 366 (D.Mass.1986), plaintiffs claimed that they were harmed by defects in the arthritis drug Oraflex. They claimed that the defendants fraudulently misrepresented facts relating to the drug's defective nature. *Id.* In determining that the plaintiffs could not state a claim for battery, the court distinguished *Mink* by stating that the plaintiff could only show a lack of *informed* consent. *Id.* at 368. Because the patient was aware that he was being given some form of a drug, he must rely on a negligence action. *Id., citing, Mink,* 460 F.Supp. at 717.

■  While this court has not found any cases with facts identical to those in this case, we believe that it is closer to *Mink* than to *Moore.* Although Heidi actually ingested the Toradol knowing that she was taking the medication, she had no idea that the defendant's employees allegedly gave her a drug that effectively amounted to poison. If this claim is true, the act completely lacked consent. Heidi's allergy to NSAIDs was different from a potential side effect of medication in that it was virtually certain to cause her harm. Plaintiffs are not claiming that Heidi required more information to make her decision, but that defendant should not have filled her prescription at all.

This is not a situation where a plaintiff merely suffered because of an "undisclosed inherent complication with a low probability," lacking only some of the information necessary to make an informed choice. *See Mink,* 460 F.Supp. at 717, quoting, *Cobbs v. Grant,* 8 Cal.3d 229, 104 Cal.Rptr. 505, 502 P.2d 1, 8 (1972). Instead, plaintiffs allege that defendant actively set out to cause harm to Heidi. While they bear a heavy burden in proving the necessary intent, if they are able to do so, plaintiffs may be able to prevail on the claim for battery and seek punitive damages for that intentional tort.

## CONCLUSION

For the foregoing reasons, defendant's motion to clarify is granted, its motion to