ARMOUR INTERNATIONAL CO. and
Armour & Company, Plaintiffs,

v.

WORLDWIDE COSMETICS, INC.,
Defendant-Appellee.

Appeal of TOUCHE ROSS &
CO., Appellant.

No. 81–2849.

United States Court of Appeals,
Seventh Circuit.

Argued May 13, 1982.
Decided Sept. 28, 1982.

John J. Verscaj, Bell, Boyd & Lloyd, Chicago, Ill., for respondent.

John C. Sibrava, Williams, Manos, Rutstein, Goldfarb & Sharp, Chicago, Ill., for defendant-appellee.

Before WOOD, Circuit Judge, and DAVIS *, Judge.

DAVIS, Judge.

This portion of a diversity case comes to us on interlocutory appeal from the orders of the district court granting appellee's motion to compel compliance with a *subpoena duces tecum* and denying the motion of appellant, Touche Ross & Co., to reconsider. The main case pending below pits plaintiffs, Armour International Company and Armour & Company, against defendant, Worldwide Cosmetics, Inc., in a battle over a contract obligating defendant to buy from plaintiff all the outstanding shares of Burley Dial Japan, Ltd. Defendant seeks rescission of the contract alleging plaintiff misrepresented the financial condition of Burley Dial Japan. Presumably to substan-

* Oscar H. Davis, Judge of the United States Court of Claims, is sitting by designation.

tiate the charge of misrepresentation, Worldwide subpoenaed the accounting firm of Touche Ross (not a party to the underlying suit) to appear for deposition and to produce certain papers in connection with several audits of Burley Dial Japan done in Japan by Touche Ross. Asserting that the information was obtained and kept in confidence pursuant to an accountant-client relationship, Touche Ross objected to the subpoena on the ground that the materials sought were privileged. Worldwide then moved to compel compliance with the *subpoena duces tecum* and the district court granted the motion. The same day, Touche Ross timely filed a reply memorandum in opposition to the motion to compel and moved the court to reconsider the order in light of the memorandum. After reconsidering the motion to compel compliance, the district court denied the motion for reconsideration and again granted the motion to compel, on the condition that Worldwide advance the reasonable cost of producing the items sought. Touche Ross appeals.[1] Its sole ground is that the Illinois accountants' privilege immunizes appellant from having to respond to the subpoena.

██ The Federal Rules of Evidence provide that on issues governed by state law arising in civil actions privileges of witnesses are determined by state law. *Fed. R. Evid.* 501. *See Commercial Union Insurance Company of America v. Talisman, Inc.,* 69 F.R.D. 490 (E.D. Mo. 1975). This rule applies as well to discovery proceedings. *Fed. R. Ev. Rule 1101(c); Fed. R. Civ. P. 26(b)(1).* Because the contract, rescission and misrepresentation issues are covered by state law, and no party asserts federal involvement, the Illinois law of privilege controls the outcome of Touche Ross' claim of an accounting privilege. The argument be-

fore us centers on the scope and impact of the Illinois law of accountants' privilege.

Appellant Touche Ross is an international accounting firm with its home office in New York, and branch offices in Chicago, Tokyo, Japan, and elsewhere, including the one in Chicago. Its client, Burley Dial Japan, Ltd., is a Japanese corporation. All of the audits were performed in Japan by employees of Touche Ross not registered as accountants in Illinois (although the firm itself is so registered). The *subpoena duces tecum* was served on the Chicago office of Touche Ross, but, aside from that, no Illinois accountants are connected with the case. None of the requested materials was in Illinois at the time of the subpoena.

██ Illinois has recognized by statute an accountant privilege. Ill. Ann. Stat., ch. 111, § 5533 (Smith-Hurd 1978).[2] The question is whether that Illinois privilege applies to the facts we have just set forth—does it govern the work of accountants, not registered in Illinois, when that work was not done in Illinois and was unrelated to an Illinois client?[3] We conclude that the statute does not apply.

The setting of § 5533, fn. 2, *supra,* is important. That statutory privilege was created in the Illinois Public Accountants Act. 1943 Ill. Laws 999, § 27. That is the statute that mandates registration, provides for examinations, and authorizes rules of conduct for public accountants practicing in Illinois. The law thus protects citizens and businesses from unqualified accountants and questionable accounting practices. It would seem that, along with this protection of the public, and to aid Illinois accountants in their service to the public, Illinois grants confidential information given to accountants an immunity from the inquiries of the

---

1. There is no dispute that we have jurisdiction of the appeal under the doctrine of *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1941).

2. The pertinent part of this statute provides: "A public accountant shall not be required by any court to divulge information or evidence which has been obtained by him in his confidential capacity as a public accountant."

3. Appellee Worldwide also contends that the materials were not maintained in confidence. Our decision makes it unnecessary to resolve that dispute; we assume, without deciding, that the normal prerequisites for the privilege have been satisfied.

judicial process. But accountants not subject to and in compliance with Illinois protective regulation can be considered not similarly deserving of that special privileged status. The same assumptions about the qualifications and methods of those accountants cannot be made and, consequently, the conclusion that those accountants have the same need for privileged information is unfounded. The balance between the search for truth and the attempt to improve the audit accuracy of Illinois accountants swings to the former and, therefore, to the side of full disclosure. The Illinois courts need not be impeded in their attempts to gather information useful—in this case possibly essential—to the fair resolution of the pending dispute. In sum, the context of the privilege indicates that the privilege is intended to apply to accountants registered to practice under and subject to the other provisions of the Illinois Act. *See Baylor v. Mading-Dugan Drug Co.,* 57 F.R.D. 509, 512 (N.D. Ill. 1972) (Bauer, J.).

Appellant argues that the accountants' privilege is solely for the benefit of the accountant. Even if that is so, the accountants to be benefitted are Illinois accountants—not truly involved here at all. In any event, it is more likely that the privilege is to benefit both the client and the accountant. The purpose of the privilege seems to us more like the rationale behind the doctor-patient and attorney-client privileges than that underlying the husband-wife privilege. The aim is not simply to foster a venerated relationship, but, rather, to provide an atmosphere conducive to free development and exchange of information between client and accountant. *See* C. McCormick, *Evidence* 175–76 (2d ed. 1972). In this case, neither the client, Burley Dial Japan, nor its corporate parent, Armour, has objected to compliance with the subpoena. Nor does our reading of the statute undercut the purpose of the Illinois privilege to protect Illinois accountants. On the combination of facts before us, a holding that the items are privileged would yield little or no potential benefit to the end of

improving accounting quality in Illinois. On the other hand, application of the privilege in this case would frustrate an Illinois defendant's attempt in an Illinois court to defend itself from enforcement of a contract possibly entered into on the basis of the out-of-state seller's misrepresentations.[4] We see no Illinois interest to be served by construing the law to protect the subpoenaed materials, and we see no substantial reason for Illinois to desire to extend immunity to outside accountants not registered in Illinois and not working in Illinois or with an Illinois client. It is not enough that Touche Ross is an international firm and happens to have a Chicago office, an office which had nothing to do with the materials now in issue.

We note further that there was no reliance on the Illinois law. There is no hint that either Touche Ross (in its Tokyo office) or Burley Dial Japan ever considered the information to be protected by the Illinois statute when it was communicated. Neither has any connection with Illinois (except for the branch office of Touche Ross) and the auditing services were performed in Japan. None of the accountants involved in the audit are registered in Illinois. Moreover, the accountant-client privilege is not one commonly accorded and it is therefore unlikely anyone presumed such a privilege to be applicable. It was unknown at common law, 8 *J. Wigmore, Evidence* 529–530 (McNaughton rev. 1961), and is not a part of the federal law of evidence, *Couch v. United States,* 409 U.S. 322, 335, 93 S.Ct. 611, 619, 34 L.Ed.2d 548 (1973). Even today, only a minority of states protect communications to accountants from judicial inquiry. *See Wigmore* at 533 n. 22. We must presume that neither accountant nor client acted in reliance on (or even with awareness of) the Illinois privilege.

Touche Ross offers no good reason for an Illinois court, or a federal district court sitting in diversity, to apply the Illinois law to this situation. That does not appear to have been the intention of the Illinois legislature. The connection between Illinois in-

4. Worldwide is an Illinois corporation.

terests and the services performed in Japan is simply too attenuated.

Because the information requested is unprotected by the Illinois privilege, we affirm the order compelling its production.