BAMCO 18, a partnership, in its own right and as a limited partner in Hospitality Associates of Tappan Zee, a limited partnership, Plaintiff,

v.

R. Bruce REEVES; MPI Corporation, in its own right and as general partners in Hospitality Associates of Tappan Zee, a limited partnership; Hospitality Associates of Tappan Zee, a limited partnership; and D.G. Management, Inc., Defendants.

No. 87 Civ. 5496 (RWS).

United States District Court, S.D. New York.

May 25, 1988.

Thaddeus Holt, c/o Breed, Abbott & Morgan, New York City, for plaintiff.

Gorman & Steinglass, New York City, for defendants other than R. Bruce Reeves; Henry J. Steinglass, of counsel.

## OPINION

SWEET, District Judge.

Plaintiff Bamco 18 ("Bamco") has moved by way of letter application to compel the production of accountants' documents pertaining to ventures of defendant R. Bruce Reeves ("Reeves").[1] On behalf of his accountant, Pannell Kerr Forster ("PKF"), Reeves has resisted production of these documents as they relate to a limited partnership venture in Maryland known as the Laurel Motel (the "Laurel") on the grounds that they are protected by Maryland's accountant-client privilege. For the reasons set forth below, Reeves will be required to produce the documents.

*Background*

The facts of this case are set forth in this court's prior opinion of December 10, 1987, 675 F.Supp. 826, familiarity with which is assumed. It is sufficient to state the following facts for the purposes of this motion. Bamco, a general partnership, invested in a limited partnership known as Hospitality Associates of Tappan Zee ("Hospitality") as a limited partner. Hospitality owns and operates a hotel and conference center known as the Tappan Zee Townhouse. Reeves is also a limited partner of Hospitality. He additionally substantially owns MPI Corp. ("MPI"), which is the general partner. Hospitality and MPI, as well as D.G. Management, Inc. which Reeves also substantially owns, are also defendants in this suit. The crux of Bamco's claim is that it invested in Hospitality based on representations made by the defendants that were fraudulent or misleading and thus was injured financially.

The parties came before this court on February 11, 1988, at which time Bamco requested and was granted discovery of documents related to similar limited partnership hotel/motel ventures engaged in by the defendants. At this point in time, however, the defendants have asserted an accountant-client privilege with respect to accountant's work product pertaining to the Laurel on the ground that since the motel is located in Maryland, the Maryland privilege rules should apply.

*Discussion*

Under Rule 501 of the Federal Rules of Evidence:

in civil actions and proceedings with respect to an element of a claim or defense as to which State law supply the rule of decision, the privilege of a witness, person, government, State or political subdi-

---

1. The parties initially requested discovery related relief in addition to that addressed herein but have advised the court that they have reached a mutual understanding on those matters.

vision thereof shall be determined in accordance with State law.

Thus, since this action has been brought pursuant to diversity jurisdiction, the court must apply state law. The question, however, is which state's law to apply, for while Maryland recognizes the accountant-client privilege, Md. Ann. Code, Courts and Judicial Proceedings, § 9–110, New York does not.

Under *Klaxon v. Stentor Electric Manufacturing Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941), when a conflicts of law problem arises, federal courts are to apply the forum's choice of law rules. *See also Loebig v. Larucci*, 572 F.2d 81, 84 (2d Cir.1978). "New York choice of law gives 'controlling effect to the law of the jurisdiction which, because of its relationship or contact with the occurrence or the parties, has the greatest concern with the specific issue raised in the litigation.'" *Mazzella v. Philadelphia Newspapers, Inc.*, 479 F.Supp. 523, 527 (E.D.N.Y.1979) (quoting *Babcock v. Jackson*, 12 N.Y.2d 473, 481, 191 N.E.2d 279, 283, 240 N.Y.S.2d 743, 749 (1963)).

In this case, the only contact with Maryland is that a limited partnership from which documents are sought is located there. This partnership is not in issue in this case but discovery is sought from it because it may be similar to the one under consideration. Moreover, while Laurel may be a Maryland limited partnership, its general partner, MPI, is a New Hampshire corporation, and Reeves, owner of MPI and a limited partner of Laurel, is domiciled in New Hampshire. PKF, the accountant, is a Boston concern. Its client is not merely the Laurel, but is Reeves and all of his ventures. Bamco, is a New York partnership. Neither New York, nor New Hampshire, nor Massachusetts recognize the accountant privilege.

Although Maryland's law may evidence a policy in favor of protecting confidential communications between accountant and client, that policy is not, in its specific sense, called into play in this case. Neither party in this case, nor the accountant involved, are citizens of Maryland for whose benefit the law was enacted. *C.f. Application of Cepeda*, 233 F.Supp. 465 (S.D.N.Y. 1964). Although the concern from which disclosure is sought is a Maryland limited partnership, it has no stake in the outcome of this litigation.

The parties, in other respects, have agreed that New York law, the law of this forum, applies to this New York contract. New York has a policy in favor of disclosure. *See, e.g., Inspiration Consolidated Copper Co. v. Lumbermens Mutual Casualty Co.*, 60 F.R.D. 205, 209 & n. 3 (S.D.N.Y. 1973) (denying privilege and citing cases refusing to equate with attorney-client privilege). "[W]hen the interests of only one state are truly involved, the purported conflict is purely illusory. Thus there is no reason why the law of the forum state should not control." *Norlin Corp. v. Rooney, Pace, Inc.*, 744 F.2d 255 (2d Cir.1984).

In the circumstances presented here, this forum has a controlling interest. Therefore, New York law should apply.[2]

*Conclusion*

Bamco's motion to compel disclosure of documents from Laurel is granted. The defendants are hereby ordered to make all documents related to the Laurel available to Bamco.

IT IS SO ORDERED.

---

**2.** Under the Restatement (Second) of Conflicts, Evidence that is privileged under the local law of the state which has the most significant relationship with the communication but which is not privileged under the local law of the forum will be admitted unless there is some special reason why the forum policy favoring admission should not be given effect. Restatement (Second) Conflicts of Law § 139(2).