Audrey FORSMAN, Plaintiff
and Appellant,

v.

George FORSMAN, Ronald G. Flinders,
and Does I through X, Defendants
and Appellees.

UTAH DEPARTMENT OF PUBLIC
SAFETY, NARCOTIC & LIQUOR LAW
ENFORCEMENT DIVISION, Plaintiff,

v.

George Leland FORSMAN, Defendant
and Cross–Claimant.

No. 860430.

Supreme Court of Utah.

June 20, 1989.

J. Kent Holland, Gordon J. Swenson, Salt Lake City, for plaintiff and appellant.

John R. Lund, Raymond Berry, Salt Lake City, for George Forsman.

R. Paul Van Dam, Sandra L. Sjogren, Salt Lake City, for the Dept. of Public Safety and Ronald Flinders.

HALL, Chief Justice:

Plaintiff was injured while a passenger in an automobile driven by her husband, George Forsman, which collided with an automobile owned by the Utah Department of Public Safety and driven by its employee, Ronald Flinders. Plaintiff thereupon sued both her husband and Flinders for damages sustained as a result of the collision.[1]

The trial court granted summary judgment of dismissal, concluding that plaintiff's cause of action against her husband was barred by the doctrine of interspousal immunity and that her cause of action against Flinders was barred by failure to give timely notice of a claim against him pursuant to the requirements of the Governmental Immunity Act.[2]

The operative facts are not in dispute. At the time of the accident, plaintiff and defendant George Forsman were husband and wife and residents of the state of California. The accident occurred on June 22, 1983, in the state of Utah. At the scene of the accident, defendant Flinders stated that he was employed by the state of Utah and that the automobile he was driving was owned by and registered to the state of Utah. Within one year following the accident, a licence plate search was conducted for No. MPV 372, the number reflected on

---

1. The case was consolidated with a subsequent action filed by the Utah Department of Public Safety against plaintiff's husband for damages arising from the same accident which is not part of this appeal.

2. Utah Code Ann. § 63–30–12 (Supp.1988) requires that notice be given within one year of injury.

the investigating officer's report of the accident for the vehicle driven by Flinders. The Utah Department of Motor Vehicles reported that there was no record of the issuance of any such license plate number.

Also within one year of the accident, plaintiff sought to confirm that Flinders was an employee of the state of Utah but was advised by the Utah Division of Personnel Management that no such person was employed by the state of Utah. Efforts to contact Flinders by mail were to no avail. Correspondence directed to the address given in the police report of the accident in question and to yet a different address disclosed by a driver's license check was returned undelivered.

Plaintiff filed this action on November 13, 1984, prior to learning that Flinders was in fact an employee of the state of Utah, acting in an undercover capacity with protective identity.

## I

First, as to the applicability of the doctrine of interspousal immunity heretofore espoused by this Court,[3] by reason of the particular facts and circumstances of this case, it would appear that Utah law should not be applied.

Plaintiff and defendant Forsman were at the time of the accident married and domiciled in the state of California, a jurisdiction which does not recognize the doctrine of interspousal immunity for negligent tort.[4]

Utah has not heretofore decided whether the law of the domicile or the law of the situs of the tort should apply. On this issue, the Restatement (Second) of Conflict of Laws states as follows:

§ 145. The General Principle

(1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6 [stating choice-of-law principles].

(2) Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:

(a) the place where the injury occurred,

(b) the place where the conduct causing the injury occurred,

(c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and

(d) the place where the relationship, if any, between the parties is centered.

These contacts are to be evaluated according to their relative importance with respect to the particular issue.

. . . .

§ 169. Intra–Family Immunity

(1) The law selected by application of the rule of § 145 determines whether one member of a family is immune from tort liability to another member of the family.

(2) The applicable law will usually be *the local law of the state of the parties' domicile.*

Comment:

. . . .

*b. Rationale.* An immunity from tort liability is commonly possessed in varying circumstances by one spouse against the other spouse.... *[T]he state of the parties' domicile will almost always be the state of dominant interest, and, if so, its local law should be applied to determine whether there is immunity in the particular case.*

(Emphasis added.)

While some jurisdictions have held that the law of the situs of the tort is to be applied, numerous courts have adopted the view espoused by the Restatement that the law of the domicile best serves the family relationships involved.

---

3. *Rubalcava v. Gisseman,* 14 Utah 2d 344, 384 P.2d 389 (1963).

4. See *Klein v. Klein,* 26 Cal.Rptr. 102, 376 P.2d 70 (1962), wherein the California Supreme Court overturned its prior cases and rejected the interspousal immunity doctrine.

In *Emery v. Emery*,[5] the California Supreme Court concluded that as between California domiciliaries involved in an automobile accident in Idaho, the law of their domicile should govern. The court's rationale was as follows:

> We think that disabilities to sue and immunities from suit because of a family relationship are more properly determined by reference to the law of the state of the family domicile. That state has the primary responsibility for establishing and regulating the incidents of the family relationship and it is the only state in which the parties can, by participation in the legislative processes, effect a change in those incidents. Moreover, it is undesirable that the rights, duties, disabilities, and immunities conferred or imposed by the family relationship should constantly change as members of the family cross state boundaries during temporary absences from their home.[6]

In *Schwartz v. Schwartz*,[7] a case identical on its facts, a husband and wife, both domiciliaries of New York, experienced an automobile accident in Arizona. The wife sued her husband in Arizona. Interspousal tort suits were not permitted in Arizona, but they were permitted in New York. The Arizona Supreme Court held that the law of the domicile had application and quoted with approval from *Clark v. Clark*[8] as follows:

> "[The] old rule is today almost completely discredited as an unvarying guide to choice of law decision in all tort cases.... No conflict of laws authority in America today agrees that the old rule should be retained.... No American court which has felt free to re-examine the matter thoroughly in the last decade has chosen to retain the old rule.... It is true that some courts, even in recent decisions, have retained it.... But their failure to reject it has resulted from an

unwillingness to abandon established precedent ... not to any belief that the old rule was a good one. [107 N.H. at 352,] 222 A.2d at 207 [citations omitted]."[9]

■ We are persuaded by the rationale of the Restatement rule, *infra,* and the numerous jurisdictions which follow it. We therefore adopt the rule in Utah and reverse and remand with instructions to apply the law of the domicile on the issue of interspousal immunity.

## II

■ The remaining issue is whether plaintiff's action is barred for failure to give timely notice of claim. We conclude from the record before us that a genuine issue of material fact remains to be resolved, namely, whether the State is estopped to assert the lack of timely notice of claim.[10] This is to be seen in that the trial court specifically found that "there was unrefuted testimony by affidavit that the State of Utah denied through the Division of Personnel Management that Defendant Flinders was an employee of the State of Utah." Hence, on remand, plaintiff should be allowed to present evidence of her claim of estoppel.[11]

Reversed and remanded for further proceedings consistent with this opinion.

STEWART, DURHAM and ZIMMERMAN, JJ., concur.

HOWE, Associate Chief Justice (concurring and dissenting):

I concur in part I but dissent from part II of the majority opinion.

Utah Code Ann. § 63–30–12 (1986, Supp. 1988) requires that as a prerequisite to suing a state employee for an act or omission occurring within the scope of his em-

5. 45 Cal.2d 421, 289 P.2d 218 (1955).

6. *Id.* at 428, 289 P.2d at 223.

7. 103 Ariz. 562, 447 P.2d 254 (1968).

8. 107 N.H. 351, 222 A.2d 205 (1966).

9. 103 Ariz. at 563, 447 P.2d at 255.

10. Rule 56(c) of the Utah Rules of Civil Procedure precludes summary judgment in the face of a genuine issue as to any material fact.

11. *See Rice v. Granite School District,* 23 Utah 2d 22, 456 P.2d 159 (1969).

ployment, the plaintiff must, within one year after the claim arises, file a notice of claim with the attorney general and with the agency employing the employee. No attempt to comply with that statute was made here by plaintiff. She seeks to excuse herself from that requirement based on the affidavit of an investigator she hired who stated that seven months after the accident, he called the Division of Personnel Management of the State of Utah requesting confirmation of the state's employment of Ronald G. Flinders. He further stated that he was advised that no individual with that name was employed by the state according to its records. He apparently did not ask if there was such an employee with that name at the time of the accident.

That denial of employment, however, is entirely insufficient to support an estoppel against the state and excuse plaintiff from complying with the statute. This is because she had in her possession the accident report filed by the investigating police officer that defendant Flinders was driving a state-owned vehicle and that he was employed by a state agency whose address was 4501 South 2700 West, Salt Lake City, Utah 84119. She made no attempt to file a claim with any state agency at that address although there is a state office building there housing at least two state agencies, one of which is the Department of Public Safety, which was and is Flinders' employer. There is in the record an affidavit of an assistant in the personnel division of the Department of Public Safety stating that on the date of the accident, and at all times thereafter, Flinders' name was on the list of employees of that department, that any person could have contacted that department and received verification of Flinders' employment there, and that at all times since the date of the accident the Department of Public Safety has been housed in a building at 4501 South 2700 West, Salt Lake City, Utah 84119. In granting summary judgment in favor of Flinders, the trial court expressly found that

> [h]ad Plaintiff contacted the Personnel Division of the Department of Public Safety, she would have received verifica-

tion of Defendant Flinders' employment status with that agency.

Not only did plaintiff fail to file a claim with the Department of Public Safety, she made no attempt whatever to file the claim with the attorney general. No excuse is offered for that omission except that plaintiff was not sure whether Flinders was a state employee. That is entirely insufficient as an excuse.

Since plaintiff always had all the information needed to file a timely claim with the Department of Public Safety and with the attorney general, I cannot escape the conclusion that as a matter of law, her failure to do so was not the fault of Flinders or the Department which will work an estoppel against them. Plaintiff's failure stems solely from her own unwillingness to make any effort to file based on information which she already possessed and which was always accurate. When she chose not to file, she assumed the risk of ignoring information in her possession.