**Clifford MARTIN, Plaintiff,**

v.

**PURINA MILLS, INC. and Great West Casualty Company, Defendants.**

**Civ. A. No. 90–1440–B.**

United States District Court,
D. Kansas.

Sept. 9, 1992.

Dan E. Turner, Phillip L. Turner, Dan E. Turner Law Offices, Topeka, Kan., for plaintiff Clifford Martin.

Ronald P. Williams, Pamela S. Clancy, Morrison & Hecker, Wichita, Kan., for defendant Purina Mills, Inc.

Jay F. Fowler, Foulston & Siefkin, Wichita, Kan., for defendant Great West Cas. Co.

## MEMORANDUM AND ORDER

BELOT, District Judge.

This case comes before the court on Martin's motion for review of the magistrate judge's order pursuant to Fed.R.Civ.P. 72(a). (Doc. 95)

The magistrate entered an order on December 18, 1991, denying Martin's motion to amend his complaint to add a claim for punitive damages. (Doc. 80) The magistrate denied a motion for reconsideration on June 30, 1992. (Doc. 94)

## STANDARD OF REVIEW

The standard of review of a magistrate's order is set forth in 28 U.S.C. § 636. As to nondispositive pretrial matters, the

district court reviews the magistrate judge's order under a clearly erroneous or contrary to law standard. 28 U.S.C. § 636(b)(1)(A). The district court applies a clearly erroneous standard in reviewing a magistrate judge's decision on a motion for leave to file an amended complaint. *Zurn Constructors, Inc. v. B.F. Goodrich Co.*, 746 F.Supp. 1051, 1054 (D.Kan.1990). The clearly erroneous standard requires the district court to affirm the magistrate judge's order unless it has the definite and firm conviction from all the evidence that error has occurred. *Ocelot Oil Corp. v. Sparrow Industries*, 847 F.2d 1458, 1462 (10th Cir.1988).

## CLAIM FOR PUNITIVE DAMAGES

Martin's amended complaint alleged the actions of Great West were gross and wanton and done with complete disregard to Martin's rights and sought punitive damages against Great West. The magistrate denied the motion on two grounds. First, he found the motion was filed thirty days out of time. Second, he found a claim for punitive damages under Kansas law must be based on extreme and exceptional conduct, and that no such conduct had occurred in this case.

 Fed.R.Civ.P. 15(a) permits a party to amend its pleading upon leave of the court, and leave "shall be freely given when justice so requires." A district court is justified in denying leave to amend if the proposed amendment cannot withstand a motion to dismiss or otherwise fails to state a claim. *Schepp v. Fremont County, Wyo.*, 900 F.2d 1448 (10th Cir.1990).

The scheduling order set an October 1, 1991, deadline for filing motions to amend the pleadings. Martin did not file his motion to amend the complaint until October 31, 1991. Martin's only explanation for his delay is the short period of time between the time Great West filed its answer until the date the amended complaint was filed. This explanation is insufficient, in our judgment, for disregarding the clear terms of the scheduling order. The magistrate's order denying leave to amend on this basis is not clearly erroneous.

The magistrate's finding that there was no basis for Martin's punitive damages claim is also not clearly erroneous. Under Kansas law, Martin would have had the burden of proving by clear and convincing evidence that Great West's actions toward him were willful, wanton, fraudulent, and malicious. K.S.A.1991 Supp. 60–3701(c). The court agrees with the magistrate that the conduct alleged by Martin in his amended complaint does not rise to this level. Accordingly, the motion (Doc. 95) for review of the magistrate's order is denied.

IT IS SO ORDERED.