**HERCULES, INCORPORATED,**
Plaintiff,

v.

**MARTIN MARIETTA CORPORATION,**
Defendant.

No. 92–C–068 B.

United States District Court,
D. Utah, C.D.

Sept. 11, 1992.

Clarence T. Kipps, Jr., Robert K. Huffman, Emmett B. Lewis, Scott E. Pickens, Miller & Chevalier, Chartered, Washington, D.C., Keith E. Taylor, Kent O. Roche, Parsons Behle & Latimer, Salt Lake City, Utah, and Michael B. Keehan, John M. Crane, Hercules, Inc., Wilmington, Del., for plaintiff.

David A. Greenwood, Robert A. Peterson, Patricia M. Leith, Van Cott, Bagley, Cornwall & McCarthy, Salt Lake City, Utah, Thomas J. Madden, Jeffrey A. Dunn, John J. Pavlick, Jr., Venable, Baetjer, Howard & Civiletti, Washington, D.C., and Stephen E. Smith, Richard F. Busch, Martin Marietta Corp., Denver, Colo., for defendant.

## MEMORANDUM AND ORDER

BOYCE, United States Magistrate Judge.

The instant action was filed by Hercules, Inc. against Martin Marietta Corporation. In the plaintiff's second amended complaint (File Entry # 88) plaintiff alleges various claims for relief arising from a contractual relationship between the plaintiff and defendant. The complaint alleges a contract (SRMU) between the parties for the Titan IV space launch vehicle, and the suit alleges various forms of contractual and related contentions for relief by the plaintiff. Jurisdiction is based on diversity of citizenship. 28 U.S.C. § 1331(a). Martin Marietta Corporation is a Maryland resident. Hercules, a Delaware resident. The contract dispute, is for the most part, centered on activities of the parties occurring in Utah. The contract between the parties is a subcontract of a larger government contract in which Martin Marietta is a higher subcontractor through United Technologies Corporation. The United States Air Force is the government entity involved. Based on the second amended complaint, the dispute between the parties apparently involves the subcontractual relationship between the parties arising under a government contract for the Titan Missile. The dispute now before the court involves the attempted discovery of various documents and materials from plaintiff by defendant. The plaintiff opposed production of the documents on various grounds.

The plaintiff sought a protective order from making discovery otherwise relevant to the dispute between the parties and defendant has made a motion for an order to compel discovery (File Entry # 79). The plaintiff alleges the contract is governed by Colorado law and therefore the substantive privilege law of Colorado should apply. Plaintiff asserts that since Colorado has an accountant/client privilege law, Colo.Rev. Stat. § 13–90–107(1)(f), that that privilege should apply and defendant's motion to compel documents subject to the privilege should be denied. (See File Entry # 45, Pl. Memorandum In Support of Motion for Protective Order). The parties generally agree that if Colorado law does not govern as to privileges, then no accountant/client privilege applies and defendant's motion to compel should be granted. Martin Marietta Corporation contends Utah privilege law should govern (File Entry # 56, Defendant's Memorandum in Support of Motion to Compel).

Originally, Hercules asserted a claim of a work product privilege, however, at hearing on the motions before the magistrate judge, Hercules' claim of work product privilege was no longer pursued. Further, at the hearing, counsel for Martin Marietta corporation suggested the application of federal privilege law might be appropriate. This is apparently based on a theory that the contract, between the parties, may be governed by federal common law and that, if such is the case, federal privilege law should apply. Rule 501, F.R.E. No accountant/client privilege applies under Utah law,[1] and none exists under federal evidence law, *United States v. Arthur Young & Co.*, 465 U.S. 805, 104 S.Ct. 1495, 79 L.Ed.2d 826 (1984); *In re Grand Jury Proceedings (Sutton)*, 658 F.2d 782 (10th Cir.1981); *United States v. El Paso Co.*, 682 F.2d 530 (5th Cir.1982).

■ In a diversity case whether an accountant/client privilege exists must be governed by the applicable state law. *Armour International Co. v. Worldwide Cosmetics, Inc.*, 689 F.2d 134 (7th Cir.1982) (diversity action in which discovery dispute involved invocation of accountant/client privilege is governed by state law). See also discussion, *Weinstiens Evidence*, ¶ 501 [02] p. 501–24 (1992).

■ Under the general rule, absent other considerations, as expressed in *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941) the law of the forum, including conflicts of laws rules, would govern the choice of law analysis applicable to a privilege claim. This means that initially Utah law would apply. *Miller v. Transamerican Press, Inc.*, 621 F.2d 721, 724 (5th Cir.1980); *Samuelson v. Susen*, 576 F.2d 546, 551 (3d Cir.1978); *Dixon v. Pine Street Corp.*, 516 F.2d 1278 (2nd Cir.1975); *Weinstien's Evidence*, supra p. 501–28. Of importance on the question in this case is the admission of plaintiff that *none* of the communications within any accountant/client privilege, to which Hercules claims the Colorado accountant/client privilege to apply, occurred or had connection with Colorado. Thus, there could have been little expectation by any communicant, accountant or client, that Colorado law would apply. From the pure theory of privilege law analysis, the invocation of Colorado privilege law is exclusively a fluke of legalistic relationships. The Hercules Corporation has shown no special intrinsic privilege interest in the efficacy of any accountant/client privilege. It appears the invocation is essentially to prevent discovery of what might be relevant materials or materials that could lead to admissible evidence.

The basis behind Hercules' claim of privilege is in a contractual provision between the parties. Paragraph 18 of the contract between the parties provides:

1. The Utah Supreme Court recently promulgated new rules of privilege under the Utah Rules of Evidence. These new privilege provisions do not contain an accountant/client privilege. The new rules privilege provisions did not abolish statutory privileges that are not inconsistent with the Utah Rules of Evidence. Rule 501, URE, effective April 15, 1992. However, no statutory accountant/client privilege exists in Utah. Advisory Committee Note, URE, Rule 501; Hutchings, *Privileges in Utah Law*, 2 Utah bar Journal No. 3, p. 34 (1989).

268

The *Contract* shall be *governed by, subject to,* and *construed according to the laws of the State of Colorado,* except that when Federal common law of government contracts exists on substantive matters requiring construction under this Contract, such Federal common law shall apply in lieu of state law. The CONTRACTOR shall comply with all applicable Federal, State and local laws. The CONTRACTOR consents to the jurisdiction of the courts of Colorado with respect to any legal action commenced therein. (Emphasis added)

It should be observed that the clause pertains to the "contract." It does not purport to govern all relationships between the parties and federal common law may govern in some instances.[2] Nothing in the express terms of the contract applies to the law of privileged communications. The parties have selected the contract law of Colorado as the substantive law to govern the interpretation of the contract and contractual relationships between the parties, but nothing more. Hercules contends that the contract provision incorporates more than just the law relating to interpretation of contracts but all the substantive law of Colorado and that because privilege law is substantive, Colorado law should apply. This is an unwarranted extension of the language of the contract provision and beyond the obvious intention of the parties. Privilege law is adjectival and governs the admission, exclusion and discovery of evidence in litigation. It is the substantive law of contracts and allied areas not the complete substantive law of Colorado that has been addressed by the parties in paragraph 18 of the contract In the context of this case, such a mechanical application of evidence law as Hercules suggests does not make good sense. It does not take into consideration the specific contract terms, the relevant evidentiary events, or the justification for application of any privilege. The cases cited by Hercules for its position in its memorandum and its submission under D. Utah Rule 202(b)(6) do not support the proposition which Hercules urges in this case. It is substantive contractual law that paragraph 18 assimilates not privilege law. The parties made no prior choice of privilege law in this case.[3]

This court must look to Utah law to determine what privilege law applies in this case. *Klaxon Co. v. Stentor Electric Mfg. Co.,* supra; *Samuelson v. Susen,* 576 F.2d 546 (3d Cir.1978); *Liew v. Breen,* 640 F.2d 1046 (9th Cir.1981); *Super Tire Engineering Co. v. Bandag, Inc.,* 562 F.Supp. 439, 440 (E.D.Pa.1983); *Abbott Laboratories v. Airco, Inc.,* 1985 WL 3596 (N.D.Ill.1985).

Utah conflicts of law rulings have not specifically addressed the issue of what conflicts of law rule should apply to allegedly privileged communications. In *Forsman v. Forsman,* 779 P.2d 218 (Utah 1989) the Utah court applied the law of the domicile of the parties in an interspousal injury case, which occurred outside of the state of domicile, rather than the law of the place of the occurrence. This was based on a most significant contacts analysis and the position of the Restatement of Conflicts (Second). In *Jackett v. Los Angeles Dept. of Water and Power,* 771 P.2d 1074 (Utah. App.1989) the Utah Court of Appeals applied a most significant contacts analysis to a statute of limitations issue even though it was a procedural matter. The court noted the trial court could apply comity in exercising discretion "to avoid a result of general conflict law."

**2.** The last sentence contains a forum selection clause. That is not applicable to the question now before the court. Neither party has invoked the forum selection clause. Further, there appears to be a sharp division *as to* whether forum selection clauses are to be interpreted by state or federal law. Contrast *Stewart v. Organization Inc. v. Ricoh Corp.,* 810 F.2d 1066 (11th Cir.1987) (federal law); *Manetti–Farrow, Inc. v. Gucci America, Inc.,* 858 F.2d 509 (9th Cir.1988) (federal law) with *Pennsylvania*

*House, Inc. v. Barrett,* 760 F.Supp. 439 (D.M.D.Pa 1991) (state law); *Northwestern Nat. Ins. Co. v. Frumin,* 739 F.Supp. 1307 (E.D.Wis. 1990) (state law); *Walker v. Carnival Cruise Lines, Inc.,* 681 F.Supp. 470 (N.D.Ill.1987) (state law).

**3.** For these reasons, *Unibase Systems, Inc. v. Professional Key Punch,* 1987 WL 41873 (D.Utah 1987) has no application to this matter.

The section 139 of the Restatement of Conflicts (Second) applies the law of place "which has the most significant relationship with the communication" and which also favors admissibility absent some strong policy to the contrary.[4]

In *Renfield Corp. v. Remy Martin & Co., S.A.*, 98 F.R.D. 442, 445 (D.Del.1982) the court applied the most significant relationship test in determining whether an accountant/client privilege should apply in a federal diversity case. The court rejected the application of the privilege. In *Independent Petrochemical v. Aetna Cas. & Surety Co.*, 117 F.R.D. 292, 295 (D.D.C. 1987) the court refused to apply an accountant/client privilege in applying *Restatement of Conflicts* (Second) § 139. In *Banco 18 v. Reeves*, 685 F.Supp. 414, 416 (S.D.N.Y.1988) the court refused to apply an accountant/client privilege where the contrary application would allow disclosure and was most directly related to the matter of the action.[5] In *Mitsui v. Puerto Rico Water Resources Auth.*, 79 F.R.D. 72 (D.P.R.1978) the court held the place of communication was the proper standard to determine the existence of an accountant/client privilege. Since the place of communication was New York, which did not recognize such a privilege, the court said the law of New York rather than Puerto Rico would apply. In this case, most of the communications were in Utah [6] and Utah law should govern if the position of the Restatement of Conflicts (Second) is applied.

Applying Utah law, it must be concluded that because the communications to which Hercules seeks to apply the accountant/client privilege have no application to Colorado and Colorado law would frustrate the truth, the Utah Court would apply Utah law in determining whether an accountant/client privilege should apply. Utah law recognizes no such privilege. The conclusion must be that no accountant/client privilege may be invoked in this case. This conclusion is in keeping with the position of Professor Wigmore, 8 Wigmore on *Evidence* § 2215 (McNaughton Rev.1961)[7] that only those privileges should be recognized which protect a relationship sedulously to be fostered. The application of the Colorado accountant/client privilege would in this case frustrate truth. Hercules has not shown a special interest to be fostered by the privilege. The position of Hercules is not generally in keeping with the Federal Rules of Evidence or similar provisions of the Utah Rules of Evidence expressed purpose of ascertaining the truth. (See Rules 102, 611(a)). The Utah privilege law should apply in this case to the issue now before the court.

Martin Marietta suggests federal evidence privileges ought to apply because paragraph 18 of the contract recognizes the possible application of federal common law. This was raised for the first time during argument. The jurisdiction of this court, in this case, is based on diversity of citizenship. 28 U.S.C. § 1332. The federal inter-

4. The Restatement of Conflicts (Second) § 139 states:
   (1) Evidence that is not privileged under the local law of the state which has the most significant relationship with the communication will be admitted, even though it would be privileged under the local law of the forum, unless the admission of such evidence would be contrary to the strong public policy of the forum.
   (2) Evidence that is privileged under the local law of the state which has the most significant relationship with the communication but which is not privileged under the local law of the forum will be admitted unless there is some special reason why the forum policy favoring admission should not be given effect.

5. It should be noted that in *United States v. Arthur Young & Co.*, supra, the Supreme Court said the accountants privilege is not a sound privilege for federal law because of the accountant's public responsibilities.

6. Counsel for Hercules, at the time of argument, indicted some communications were also in Delaware, which also has had no accountant/client privilege, and in Pennsylvania which has such a privilege. Hercules has the burden of proving the application of any privilege. It has not asserted any privilege from Pennsylvania nor identified any subject matter or documents to which the privilege would apply. Therefore, Hercules has not met its burden.

7. Professor Wigmore recognized that privileges frustrate truth and are an exception to the liability of every person to give evidence.

est is problematical and obscure at this point.. See discussion in *Boyle v. United Technologies Corp.*, 487 U.S. 500, 504–505 and 519–521, 108 S.Ct. 2510, 2514–15, and 2522–23, 101 L.Ed.2d 442 (1988) (Scalia J. majority; and Brennan J., dissenting). The overriding federal interest has not been shown. *Concerned Tenants Assn. of Father Panik Village v. Pierce*, 685 F.Supp. 316 (D.Conn.1988) *Miree v. DeKalb County*, 433 U.S. 25, 97 S.Ct. 2490, 53 L.Ed.2d 557 (1977). Neither party has briefed this issue, and at this point it seems unnecessary to the resolution of the discovery matters before the court.[8] Therefore, the court need not apply federal common law to the privilege issue raised by Hercules. Therefore,

IT IS HEREBY ORDERED that the motion of Martin Marietta Corporation for an order to compel discovery is granted and the plaintiff Hercules, Inc. shall respond to Martin Marietta's discovery request forthwith. The motion of Hercules, Inc. for a protective order is denied. Its claim of an accountant/client privilege is overruled.

The discovery order is, of course, subject to the claim of Hercules, Inc., yet to be resolved, of a corporate self evaluative privilege as to certain materials.

---

**8.** Martin Marietta's argument is based on the position that if both state and federal issues are interrelated the federal rule on privileges applies. See *Wm. T. Thompson Co. v. General* *Nutrition Corp.*, 671 F.2d 100, 103–04 (3d Cir. 1982) (applying federal law to a claim of accountant/client privilege where state and federal overlap).