**John DOE and Jane Doe, Plaintiffs,**

v.

**NEVADA CROSSING, INC., et al., Defendants.**

**No. 94–C–799 W.**

United States District Court, D. Utah, Central Division.

March 21, 1996.

Rodney G. Snow, Neil A. Kaplan, Anneli R. Smith, Amanda D. Seeger, Clyde, Snow & Swenson, P.C., Salt Lake City, UT, for Plaintiffs.

Robert R. Wallace, Hanson, Epperson & Smith, P.C., Salt Lake City, UT, Gary B. Ferguson, Kurt M. Frankenburg, Williams & Hunt, Salt Lake City, UT, for Defendants.

### MEMORANDUM AND ORDER

BOYCE, United States Magistrate Judge.

The plaintiffs, John and Jane Doe, sued the defendants alleging that plaintiffs sustained severe physical, mental, and emotional injuries when they were violently and abusively assaulted while in their hotel room in the Nevada Crossing Hotel in Wendover, Nevada. In their initial pleadings, the plaintiffs, who are husband and wife, made no claim for loss of consortium arising from the assault. The trial in this matter is scheduled to begin in a short time, April 14, 1996. The plaintiffs are residents of the State of Utah and have been married since 1983. The assault against plaintiffs took place just over the Utah line in the defendant hotel in Wendover, Nevada. Plaintiffs had gone to Wendover on a short excursion and, including the time of assault, they were in Nevada less than 24 hours. They were allegedly assaulted on February 24, 1994. The plaintiffs' suit was brought based on diversity jurisdiction (28 U.S.C. § 1332) on August 12, 1994. On January 17, 1996 plaintiffs moved to amend their complaint to allege loss of consortium.

The case has been referred to the magistrate judge under 28 U.S.C. § 636(b)(1)(B). A motion to amend a complaint is usually considered non-dispositive and may be ruled on finally by the magistrate judge under 28 U.S.C. § 636(b)(1)(A)

subject to Rule 72(a) F.R.C.P. *Pagano v. Frank*, 983 F.2d 343 (1st Cir.1993); Sinclair *Practice Before Federal Magistrates* § 16.03 (1995); *Martin v. Purina Mills, Inc.*, 143 F.R.D. 254 (D.Kan.1992). Under the rules of this court a matter referred to the magistrate judge under 28 U.S.C. § 636(b)(1)(B) also includes all matters properly considered under 28 U.S.C. § 636(b)(1)(A).

■ It is agreed by the parties that a cause of action for loss of consortium does not exist under Utah law. *Cruz v. Wright*, 765 P.2d 869 (Utah 1988); *Hackford v. Utah Power and Light Co.*, 740 P.2d 1281, 1286–87 (Utah 1987). Also, *Boucher v. Dixie Medical Center*, 850 P.2d 1179 (Utah 1992) (no claim for loss of filial consortium). Nevada law does recognize a claim for loss of consortium. *General Electric Co. v. Bush*, 88 Nev. 360, 498 P.2d 366 (1972). Plaintiffs contend Nevada law should govern their claim for loss of consortium in this case. Defendants object and contend Utah law applies.

■ The instant action is based on diversity of citizenship under 28 U.S.C. § 1332. The law of the state of the forum, including the choice of law rules, governs suits in federal court based on diversity. *Klaxon v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 495–96 (1941); *Perlmutter v. United States Gypsum Co.*, 54 F.3d 659, 662 (10th Cir.1995); *Shearson Lehman Bros. v. M & L Investments*, 10 F.3d 1510, 1514 (10th Cir.1993); *Tucker v. R.A. Hanson Co.*, 956 F.2d 215, 217 (10th Cir.1992); *Snyder v. Celsius Energy Co.*, 866 F.Supp. 1349, 1352 (D.Utah 1994); *Hercules v. Martin Marietta Corp.*, 143 F.R.D. 266, 267 (D.Utah 1992). Traditionally, at one point, Utah followed the rule that in tort suits *lex loci delicti* governed choice of law issues. *Velasquez v. Greyhound Lines*, 12 Utah 2d 379, 381–82, 366 P.2d 989 (Utah 1961); *Bodrug v. United States*, 832 F.2d 136, 137 (10th Cir.1987). However, it is now clear that Utah courts have adopted the most "significant relationship" standard for most choice of law issues. In *Forsman v. Forsman*, 779 P.2d 218, 219–20 (Utah 1989) the Utah Supreme Court held that the most significant relationship standard was applicable to intra familial torts, adopting *Restatement (Second) Conflict of Laws* § 145. Recently,

in *Records v. Briggs*, 887 P.2d 864, 867 (Utah App.1994) the Utah Court of Appeals said the significant relationship test of *Forsman*, supra, applies to tort, contract, property interests and like litigation.

In *Shaw v. Layton Const. Co.*, 872 P.2d 1059 (Utah App.1994) the court adopted a hybrid standard for related worker compensation and tort conflicts of law issues. The court noted a special state interest and expectation of parties interest in the determination of the applicable law. The standard is still based on an evaluation of the various state interests. The court found Utah law applied and Nevada had insufficient interest to apply its law. In a worker's compensation case and the relationship to a possible independent tort action, the issues are somewhat similar to the issue of the applicability of consortium as an separate claim for relief.

The Tenth Circuit has interpreted Utah choice of law rules as applying the significant relationship test to tort claims. *Rocky Mountain Helicopters Inc. v. Bell Helicopter Textron, Inc.*, 24 F.3d 125, 129 (10th Cir. 1994); *Sutton v. Young*, 69 F.3d 548 (10th Cir.1995 unpublished, table), 1995 WL 643029 p. 11; see also *Snyder v. Celsius*, supra citing to *Pacheco v. Hercules, Inc.*, 61 Fair Empl.Prac.Cases 825, 8 Indiv.Empl.Rights Case (BNA) 1146, 1993 WL 193200 (D.Utah 1993) (Greene J.). Consider *Romaine v. Charter Medical Corp.*, 1995 WL 765398 (D.N.D.Tex.1995) (discussing Utah law). The same standard has been applied to contracts and allied litigation. *Mountain Fuel Supply v. Reliance Ins. Co.*, 933 F.2d 882, 888 (10th Cir.1991) (contract); *Anaconda Min. Co. v. Stoller Chem. Co.*, 773 F.Supp. 1498, 1503–04 (D.Utah 1991).

■ It must be concluded that in applying Utah choice of law rules to the issue of consortium, the Utah courts would apply a most significant relationship test. In *Forsman v. Forsman*, supra, the court was concerned with the family relationship which is akin to the consortium interest. The substance of a claim for loss of consortium is the injury or breach of the spousal relationship. *Andrulonis v. United States*, 724 F.Supp. 1421 (D.S.D.N.Y.1989) aff'd in part reversed

in part, other grounds 924 F.2d 1210 (2d Cir.1991); *Ward v. American Hawaii Cruises*, 719 F.Supp. 915 (D.Haw.1988); *Pierce v. Casas Adobes Baptist Church*, 162 Ariz. 269, 782 P.2d 1162 (1989); 41 Am.Jur.2d, *Husband and Wife*, § 244; Prosser and Keeton, *Torts*, 5th Ed. p. 933 (1984). In applying the significant relationship standard for choice of law, *Forsman* adopted the multifactor analysis in the *Restatement (Second) Conflict of Laws*, § 145(2)(a)–(d).[1]

■ The first factor is the place where the injury occurred. Nevada is where the assault occurred but Utah is where injury occurred because the loss of consortium took place in Utah not Nevada. Utah is where the damage to the relationship of plaintiffs was experienced. The second factor is the place where the conduct causing the injury occurred. That was Nevada. The vicious criminal assault against plaintiffs occurred in Wendover, Nevada a few miles from the Utah border. Third, is domicile, residence, and place of business and incorporation of the parties. Plaintiffs' residence and domicile is Utah. The defendants' place of residence and incorporation is Nevada. For the purposes of a claim of loss of consortium the residence and domicile of plaintiffs is the more relevant situs since it is the place of the consortium of plaintiffs. The fact that defendants' situs of business is Nevada is of no consequence to the consortium situs. Nevada's interests are non existent in the personal relationship between two Utah residents who are husband and wife living in Utah and where Utah is the most significant place of their interpersonal relationship. This is also supported by the fact that plaintiffs' presence in Nevada was for only a short period, less than a day. Finally, the last factor is where the relationship between the parties is centered. In this case, the center of relationship for the loss of consortium is in Utah. The defendants have no real interest in the plaintiffs' consortium nor does the State of Nevada. The relationship between plaintiffs and defendants was a limited one and the relationship for purposes of a consortium claim is

different than the interest for the primary liability. Applying the multi factors of *Forsman* and § 145 of the *Restatement (Second) Conflict of Laws* the place of the most significant relationship of the parties as to consortium is Utah.

■ Plaintiffs make two significant arguments as to why the choice of law on the plaintiffs' consortium issue should be Nevada. First, it is asserted that Chief Judge Winder applied Nevada law to the issue of liability at the time of ruling on motions for summary judgment. However, Chief Judge Winder did not conclude Nevada law should apply based on the significant relationship standard, but merely observed that the parties had determined that Nevada law governed the substantive issues of liability. Parties may stipulate to the governing law with the approval of the court, e.g. *Oklahoma Fixture Company v. Ask Computer Systems*, 45 F.3d 380 (10th Cir.1995); *Red Panther Chemical Co. v. Ins. Company of the State of Pa.*, 43 F.3d 514, 516 fn. 1 (10th Cir.1994); *National Union Fire Insurance Co. of Pittsburgh v. Emhart Corp.*, 11 F.3d 1524, 1528 (10th Cir.1993). Chief Judge Winder did not rule with specificity and apply the "significant relationship" standard because choice of law was not contested. However, for the purposes of plaintiffs' proposed amended complaint, defendants object to the amendment and contend the issue of consortium requires determination of the significant relationship issue for a choice of law determination. Further, as will be shown, a consortium claim is a different issue than that of the underlying liability.

The above consideration raises plaintiffs' second point. Plaintiffs point out that the *Restatement (Second) Conflicts of Laws* § 158 Comment a. (1971) states the law of the same forum that has the "significant relationship" for liability under § 145 should apply to a loss of consortium claim. However, § 158 is not as definitive as plaintiffs contend. First, subsection (1) of § 158 does indicate that the law selected for § 145 purposes "determines whether the interest is

---

1. In *Rocky Mountain Helicopters Inc.*, supra, the Tenth Circuit slightly modified the evaluation

factors to fit a corporate commercial situation.

entitled to legal protection" but then states the "applicable law will *usually* be the local law of the state where the *injury* occurred." (Emphasis added). In this instance the injury is loss of consortium which occurred in Utah. The event that precipitated the loss was in Nevada. Comment a. adds an additional observation. "The determination of the state of the applicable law should be made in light of the choice of law principles stated in § 6.... *If conduct and injury occur in different states, the local law of the state of injury will be applied unless some other state has a more significant relationship to the occurrence and the parties with respect to the particular issue. The state where the injury occurred has a relatively greater interest,* and the state where the wrongful conduct occurred has a lesser interest, in the question of whether actionable injury has been *sustained* than in whether the defendants' conduct was *tortious.*" (Emphasis added).[2] Such is the circumstance in this case. The wrongful conduct of defendants occurred in Nevada. The injury to the plaintiffs' persons from the assault was in Nevada. The injury to plaintiffs' consortium was in Utah. Further, Utah has a special relationship to any consortium claim. That is the place where the marital union was located. Utah has the more significant relationship to that interest and as comment a. notes, under such circumstances, Utah law should apply. This conclusion is in keeping with *Restatement (Second) Conflicts of Law,*

§ 6 (governmental interests analysis)[3] on choice of law principles and the Utah court's decision in *Forsman,* supra. The interest in choice of law is that of the states involved not the individual parties. There is no inconsistency between the *Restatement (Second) Conflict of Laws* § 145, § 158, *Forsman,* and with the application of Utah law to this case as respects a consortium claim.[4]

 It seems reasonably well established that loss of consortium is not just a damage claim but a claim for relief contingent on primary liability[5] and that conflicts of law rules apply to such a claim. In *Madison v. Deseret Livestock,* 574 F.2d 1027 (10th Cir.1978) the court, applying the Utah law applicable at that time, concluded the law of place where the wrong occurred applied. The law of Utah was the place of injury. However, *Forsman* has changed the Utah conflicts rule but *Madison* recognized a claim for consortium could be subject to conflict of laws analysis. In *Stutsman v. Kaiser Foundation Health Plan of Mid–Atlantic States,* 546 A.2d 367 (D.C.App.1988) a couple was domiciled and resident in Virginia which did not recognize a claim for loss of consortium. The defendant corporations that were sued were domiciled in the District of Columbia and the District of Columbia recognized a claim for loss of consortium. The site of the injury was Virginia and it was as well the marital situs. The court applied a significant interest test and said Virginia had obvious

2. It is reasonable to determine liability based on the place in which the conduct of the alleged negligent business occurred. Especially, in this case, where the complaint is interrelated to gambling activities which are not permitted in Utah. However, the injury to the interspousal relationship is most significant where that occurs and the plaintiff parties residence and domicile is located.

3. See Eugene F. Scoles and Peter Hay, *Conflict of Laws,* 2d Ed. § 17.21 (1992).

4. Plaintiffs also refer to *Restatement (Second) Conflicts of Laws* § 171. That section has no application to the issue before the court. That section addresses "measure of damages." That is not a issue as to the availability of a consortium claim, which is whether that claim is one for which recovery may be had at all.

5. Loss of consortium is a dependent claim based on liability to the injured spouse that results in loss of consortium to the other spouse. *Madison v. Deseret Livestock,* supra p. 1032; *Turnbow v. Wasden,* 608 F.Supp. 237 (D.Nev.1985). The action is not one of a mere "tack on" for damages. It is separate and distinct from the claim of the injured spouse. It lies in the law of marital relationships. *Gunning v. General Motors Corp.,* 239 Mont. 104, 779 P.2d 64 (1989). It is derivative only in the sense that unless one's spouse has sustained a personal injury it does not apply, but it is a separate claim for relief. *Yamamoto v. Premier Ins. Co.,* 4 Haw.App. 429, 668 P.2d 42 (1983); *Reichelt v. Johns–Manville Corp.,* 107 Wash.2d 761, 733 P.2d 530 (1987); *Rains v. Kolberg Mfg. Corp.,* 897 P.2d 845 (Colo.App. 1994); *Davis v. Fulton County, Ark.,* 884 F.Supp. 1245 (D.E.D.Ark.1995) (wife's injury because of injury to spouse). Therefore, it is appropriate to segregate the claim from primary liability for making a choice of law determination.

interests in regulating the rights of married persons domiciled there. Also, *Felch v. Air Florida, Inc.,* 562 F.Supp. 383 (D.D.C.1983) (loss of consortium would be determined by situs of the marital domicile rather than site of the aircraft crash where death occurred). See also *Wright v. Minter,* 736 F.Supp. 1024, 1026 (D.W.D.Mo.1990) (law of Missouri applied to liability claims, law of Iowa to consortium claim). Although courts may apply different rules, they recognize loss of consortium as subject for independent application of choice laws rules. See Annotation, *Conflict of Laws As To Right of Action for Loss of Consortium* § 6 p. 880 (1972); 41 Am.Jur., *Husband and Wife* § 249 (1995).

Therefore, applying the most significant relationship test to plaintiffs' potential claims for loss of consortium, Utah has the most significant interest and does not recognize a consortium claim. The amendment of the complaint would be futile since no claim for relief is stated. *Vreeken v. Davis,* 718 F.2d 343 (10th Cir.1983); *Gagan v. Norton,* 35 F.3d 1473 (10th Cir.1994). Therefore,

**IT IS HEREBY ORDERED** that the plaintiffs' motion to amend their complaint to add a claim for loss of consortium is denied.